Randalls v. Wilson.

RANDALLS *et al.*, Defendants in Error, v. WILSON *et al.*, Plaintiffs in Error.

1. A judgment against infant plaintiffs, appearing by attorney, may be recalled or set aside on motion of such plaintiffs, although at the date of the judgment one of such infant plaintiffs may have attained his majority.
2. The judgment being entire, must be recalled and set aside as to both plaintiffs.
3. After the judgment is recalled, the suit may be dismissed.

*Error to St. Louis Circuit Court.*

*Geyer & Dayton,* for plaintiffs in error.
*Todd & Krum,* for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

Evermant E. and Emerine A. Randalls instituted their suit in the St. Louis Circuit Court for the April term, 1851, thereof, against John Wilson and James Harrison for setting aside a deed of conveyance of land, and vesting the title thereof in them, and restoring the possession thereof to them. Wilson was not summoned, and did not appear; and as to him the suit was discontinued. Harrison was summoned and answered, and the cause was heard March 1, 1853, and judgment rendered for Harrison, with costs against the plaintiffs below. The suit was instituted and prosecuted to judgment by plaintiffs below, by their attorney only. On the 7th day of March, 1854, the plaintiffs below filed their motion in the court below that said judgment be recalled on the ground that when said suit was instituted both the plaintiffs below were minors, and that one of them, Emerine A., was a minor when said judgment was rendered, and still is, and married to Henry Ashbrook, who appeared with her in this proceeding, of which allegations affidavits were filed for proof and were admitted to be true. Harrison appeared and opposed this motion, which, upon being heard by the court, was sustained, and the said judgment was

recalled. Harrison excepted, and brings this case to this court by writ of error.

From the statement made above, it will be seen that the rulings of the court below, in recalling the judgment, first herein rendered in favor of the defendant below (Harrison), and also in permitting plaintiff below to dismiss the suit, are the matters now presented for the decision of this court. The questions involved have heretofore been before this court, and have been decided. In Powell v. Gatt, (13 Mo. 458,) it was held that a judgment against an infant defendant, who appears by attorney, may be set aside upon motion made after the infant has become of age. In this case of Powell v. Gatt, the judgment was rendered in 1841, and the motion to set aside in 1847. The court held that there was no limitation to be found in our statute book to a proceeding to correct a judgment of law founded upon an error of fact; and that the error in this case was an error not of law but of fact. Here, in the case now before us, the judgment, which was recalled and held for naught, was against an infant plaintiff, who sued by attorney. In the case of Powell v. Gatt, it was against an infant defendant, who appeared by attorney. The rule is the same as to judgments against infants who appear by attorney. Such judgments, whether against an infant plaintiff or infant defendant thus appearing, are erroneous, and will be recalled and held for naught on motion. A judgment in favor of an infant, after verdict or by default, who appeared by attorney, would not be considered erroneous in England since the statute of 21 James I, ch. 13, sec. 2; and 4 Ann, ch. 16, sec. 2.

In this case now before us, the judgment was rendered against the plaintiffs, who commenced and prosecuted their suit by attorney. At the date of the judgment, one of the plaintiffs had obtained his maturity; the other was married, but still a minor. Now this judgment against the minor being erroneous was, on motion, properly recalled by the court below, and held for naught; and, as the judgment here was an entire thing, it could not be recalled against one, and at the same time stand

good against the other ; it must be recalled as to both. This point was so ruled in the case of Rush et al. v. Rush et al. (19 Mo. 441.) Where a judgment is entire, it must be affirmed or reversed entirely. It can not be split up and affirmed as to some, and reversed as to others against whom it had been rendered. (12 John. 434 ; 5 Wend. 161.)

Upon the whole, then, the record presents no error, and the judgment of the court below must be affirmed. After the judgment below had been recalled and held for naught, the plaintiffs (Randalls) had the right to dismiss the suit ; at least it is such an act as the defendant Harrison has no right to complain of. Let the judgment be affirmed ; the other judges concurring.