The opinion of the Court was drawn up by
Appleton, C. J.
Infants are liable for torts. Disseizin is a tort, and ejectment may be maintained against an infant therefor. McCoon v. Smith, 3 Hill, 147; Beckley v. Newcomb, 4 Foster, 363.
" In an action against an infant he must appear by guardian,” for, as it is quaintly remarked, "he has neither knowledge of his own affairs, or to choose one to plead for him; and may have an action against his guardian if he mispleads for him.” 6 Com. Dig. Pleader, 2, c. 2, (202). Error *63 will lie if no guardian be appointed. Crockett v. Drew, 5 Gray, 399; Beckley v. Newcomb, 4 Foster, 359.
But the defendant did not plead his minority, and, when issue was joined and the cause was tried, he was of full age. In equity, an infant, who attains his full age pending a suit, may generally be allowed to come in, as of course, and demur, plead, or answer. Tessier v. Wyse, 3 Bland. Ch., 28. So, at common law, pleading to the action after the defendant attains to the age of twenty-one years, is a waiver of any defect of service during minority. Hillegass v. Hillegass, 5 Barr., 326. The defendant attained to full age, and then pleaded to the action. lie can no longer take advantage of a minority, which has ceased to exist. A guardian cannot bo now appointed. The defendant must plead for himself. He may take advantage of any defence which he may have to the action. Infancy was originally no ground of defence, and certainly is not now.
The tender made was after action brought, and does not include costs. It was not enough. It was after condition broken. Maynard v. Hunt, 5 Pick., 240. It has not been brought into Court. It cannot be of any avail to the defendant. Defendant defaulted ; —

Judgment as on mortgage.

Kick, Cutting, Davis, Kent, and Walton, JJ., concurred.