Stupp et al. v. Holmes.

----

JOHN STUPP et al., Respondents, v. GEORGE HOLMES, Appellant.

1. *Practice, civil — Trials — Evidence, objections to should be made when the evidence is offered.*— Objections made to a certain class of evidence, when no evidence for the other side was then before the court for its consideration, are properly overruled; and where, after such objection made and overruled, the other side offered such evidence, and no objection was made, the defendant has no ground of complaint from the overruling of such previous objection.

2. *Practice, civil — Parties — Minority, motion to set aside judgment on account of.*—Defendant filed a motion for a new trial, accompanied by an affidavit that he was under the age of twenty-one at the time he appeared and entered on his defense, and asked the court to set aside the judgment. *Held,* that the fact that the judgment was against an infant defendant must be shown. The statement that he was under twenty-one years of age when his appearance was entered did not show but that he might have litigated the case for a long time after he became of full age, and before the judgment was rendered against him; and the motion to set aside the judgment and grant a new trial was properly overruled.

*Appeal from St. Louis Circuit Court.*

*J. M. Holmes*, for appellant.

I. The parol evidence offered by plaintiffs, of the terms of the contract, was clearly inadmissible, there being no proof of the loss of the written contract, and no notice having been served on defendant to produce it. (Brewer v. Palmer, 3 Espin. 213 ; Strother v. Barr, 5 Bing. 136 ; Lewin v. Dille, 17 Mo. 64 ; Cockrill v. Kirkpatrick, 9 Mo. 697; 22 Mo. 168 ; 32 Mo. 333 ; Carr v. Carr, 36 Mo. 408 ; 2 Ohio, 349.) The admission of illegal testimony is, in general, ground for a new trial *per se*. (1 Graham & Waterman on New Trials, 237–40, and cases cited ; Marquand v. Webb, 16 Johns. 89 ; Osgood v. Manhattan Co., 3 Cow. 12 ; 2 Hall, 40 ; 1 Chip. 314 ; Penfield v. Carpenter, 13 Johns. 350 ; Irvine v. Cook, 15 Johns. 239 ; Haswell v. Bussing, 10 Johns. 128.)

II. The judgment was void because rendered against defendant, a minor appearing by attorney. (1) A judgment, like all judicial acts against an infant without the appointment of a guardian *ad litem*, is erroneous, and will be set aside on motion. (Powell v. Gott, 13 Mo. 458 ; *Ex parte* Toney, 11 Mo. 661 ; Rush v. Rush, 19 Mo. 441 ; Randalls v. Wilson, 24 Mo. 76 ; Thornton v. Thornton, 27 Mo. 302 ; Copeland v. Yoakum, 38 Mo. 349 ; Townsend v. Cox, 45 Mo. 401, and cases cited ; Mackey v. Gray, 2 Johns. 192 ; Alderman v. Tirrell, 8 Johns. 418 ; Bliss v. Rice, 9 Johns. 159 ; Gosling v. Acker, 25 Wend. 639 ; Camp v. Bennett, 16 Wend. 48 ; Cruikshank v. Gardner, 2 Hill, 333 ; Maynard v. Downer, 13 Wend. 577 ; Arnold v. Sanford, 14 Johns. 417 ; Richard v. Walton, 12 Johns. 434 ; Castledean v. Mundy, 4 B. & A. 90.) (2) The oversight of defendant in not stating that he was under age at the time of judgment, is not material. The averment of infancy is well made by averring the party to be under age at the time of appearance. (1 Morrell's Pr., 2d ed., 125, and cases cited.) The maxim that a given state of things having been proved, will be supposed to continue until the contrary be proved, will apply.

*A. M. Gardner*, for respondents.

I. The parol proof of the terms of the alleged contract was introduced by the appellant himself. The record shows no ruling of the court on the admissibility or competency of the testimony to which defendant at the time excepted. The record does show that after defendant had offered proof tending to show the existence of a written contract in the possession of plaintiffs, he objects to proof of its contents by parol. The point of that objection, made at that time, does not appear, especially as appellant did not pretend to have given plaintiffs notice to produce it, and they having already produced what they (the plaintiffs) contended was the only writing in the case.

II. The question of infancy was never raised in the case, although the case was tried twice. Infancy was never even hinted at until the motion for a new trial was made. The record shows no evidence of that alleged fact now except that of the defendant *ex parte* appellant. Infancy is a fact to be pleaded. If set up as a defense, it must be put in issue. There could be no error on this ground, when it is not pretended the alleged fact was brought to the knowledge of the court until long after the judgment was rendered.

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to recover the balance of an account. The defendant filed a set-off, and the controversy arises mainly upon that branch of the case.

At the trial, the plaintiffs having given evidence in support of their claim, the defendant introduced evidence tending to show the existence of a contract between the parties embracing the subject of the suit. The defendant's counsel thereupon objected to the introduction by the plaintiffs of parol evidence of the terms of the supposed contract. The objection was overruled, and the defendant excepted. This was the only objection taken to the introduction of evidence during the whole progress of the trial. It was made while the defendant was putting in his side of the case, and was consequently directed to no evidence then and at that

time submitted for the consideration of the court, on the part of the plaintiffs.

The plaintiffs had previously closed their case, and evidence was being put in on behalf of the defendant. The trial proceeded, and the defendant, at considerable length and without restraint, put in parol evidence covering the whole controversy. The plaintiffs' evidence, in rebuttal, went in without objection. I fail to see that the defendant has any ground of complaint because of the ruling of the court upon the admissibility of evidence. No instructions were asked or given on either side, and the plaintiffs recovered. The defendant thereupon moved for a new trial, filing with his motion an affidavit to the effect that the defendant was an infant under the age of twenty-one years at the time he appeared and entered upon his defense. He appeared by attorney, and the court was asked to set aside the judgment. The motion was overruled. It is true that a judgment against an infant defendant, who appears by attorney, may be set aside on motion. (Powell v. Gott, 13 Mo. 459; Townsend v. Cox, 45 Mo. 401.) But the fact that the judgment sought to be set aside was against an infant defendant thus appearing must be shown. These facts are not shown in the case before us. They are not even alleged in the motion. It is stated that he appeared by attorney, and that he was under twenty-one years of age when his appearance was entered. He first appeared November 4, 1868. The judgment was not rendered till November 15, 1870, more than two years after defendant's first appearance. For aught the record shows, he may have litigated the case for two years after he came of full age, and before the judgment was rendered against him. In a word, it is not pretended that the judgment was rendered against a party who was an infant at the date of its rendition.

The judgment will be affirmed. The other judges concur.