## CHARLES GERMAIN vs. TIMOTHY J. SHEEHAN.

### January 10, 1879.

**Infancy of Plaintiff.**—An issue raised by an answer, " that the plaintiff was an infant at the commencement of the action," and a special finding " that the plaintiff was not twenty-one years of age when the action was commenced," are both immaterial.

Action to recover the possession of certain horses, wagons and calves, alleged to be the property of plaintiff, and wrongfully taken by defendant from his possession. The defendant alleged that he took the property as sheriff, by virtue of an execution against one D. B. Germain, to whom the property belonged. At the trial in the district court for Freeborn county, before *Page*, J., the defendant had a verdict, a new trial was refused, and plaintiff appealed.

*D. B. Johnson, Jr.*, and *Geo. N. Baxter*, for appellant.

*Stacy & Tyrer*, for respondent.

BERRY, J.* This is an action of claim and delivery commenced by the plaintiff, appearing by attorney, in the district court for the county of Freeborn. The defendant answered to the merits. When the case came on for trial, both parties appearing, the defendant asked and had leave to amend his answer, by adding thereto the allegation following, to wit: "That the plaintiff was an infant at the commencement of the action." The jury found a general verdict for the defendant, and also found specially that the plaintiff was not twenty-one years of age when this action was commenced. A motion for a new trial having been denied, judgment in conformity with the general verdict was rendered in favor of the defendant, and against the plaintiff, for the return of the property claimed, or for its value, and for costs. For the plaintiff, it is contended upon this appeal, that upon the special finding of infancy, the action should

*Gilfillan, C. J., on account of illness, did not sit in this case.

have been abated, and that the entry of any judgment, other than one of abatement, was erroneous. In our opinion, the issue of infancy, and the finding of the same, were both immaterial. The plaintiff, being an infant when the action was commenced, should have appeared by guardian, (Gen. St. *c.* 66, § 30,) and his appearance by attorney was erroneous. But if, during the pendency of his action, an infant plaintiff reaches majority, it is competent for him to adopt an action thus erroneously commenced, and to ratify what has been done therein; and thereafter there is no good reason why the action should not proceed with the same effect as if it had been properly commenced. See *Stupp* v. *Holmes,* 48 Mo. 89; *Randalls* v. *Wilson,* 24 Mo. 76; *Marshall* v. *Wing,* 50 Me. 62; *Hillegass* v. *Hillegass,* 5 Pa. St. 97. This adoption and ratification may be inferred from any conduct on his part evincing his recognition of the action as prosecuted for him, as, for instance, by knowingly suffering it to be carried on in his name, without repudiating it. The fact that a plaintiff appearing by attorney was an infant at the time when he commenced his action, is, then, not material, unless he is also an infant at the time when objection is taken to his disability, or unless it is alleged that, having arrived at majority, he has not adopted and ratified the commencement of such action. An issue simply as to his infancy at the time his action is commenced, and a simple finding of infancy at that time, are, therefore, immaterial.

It was claimed by the plaintiff's counsel, upon the argument of this case, that the state of infancy, once shown to exist, is presumed to continue until it is shown to have ceased. But there is no ground for any such presumption. Infancy being a condition which must come to an end by mere efflux of time, there is no reason whatever for inferring, from the simple fact that a person was an infant yesterday, that he is an infant to-day.

The matter of infancy being eliminated from the case, the only remaining question is whether the evidence warranted

the jury in finding, in effect, that the alleged sale of the property in controversy to the plaintiff by his father was fraudulent, as respected such father's creditors. We think the evidence was sufficient for this purpose. It fairly went to establish the fact that such sale was one of those sham transactions between members of the same family, often resorted to for the purpose of hiding the property of a debtor from his creditors.

Judgment affirmed.

NOTE. A motion for reargument was made on April 22, 1879, and denied.