## FEHLMAN et al. v. KINNEAR et al.

No. 10144—Opinion Filed March 28, 1922.

(Syllabus.)

**1. Parties—Statute.**

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article. * * *" "Section 4681, Revised Laws of Oklahoma, 1910.

**2. Same—Adding Party Plaintiff—Amendment of Petition—Necessity.**

Where an action in the district court is not being prosecuted in the name of the real party in interest, and the court permits an additional party to be joined as plaintiff, it is essential that the petition be amended so as to set forth the facts upon which the plaintiffs rely, to entitle the newly made party plaintiff to recover in the action against the defendants.

**3. Same—Judgment for Plaintiff Without Pleading—Vacation.**

Where the court permits P. to be made an additional party plaintiff in an action without any amendment of the petition or any pleading on file which sets forth a state of facts that would entitle P. as one of the plaintiffs to recover against the defendants, and the court renders judgment in favor of the plaintiffs, including P., there being no pleadings to support the judgment, it will be vacated on motion. The pleadings in an action in a court of record must support the judgment.

**4. Same—Permitting New Party—Reversible Error.**

It is an abuse of discretion for a trial court to permit an additional party to be joined as plaintiff in an action, just as the case is called for trial and immediately proceed with the trial, over the objection of the defendants, without giving them ample time and opportunity to amend their pleadings and prepare their defense under the changed conditions. Such an abuse of discretion is reversible error.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by G. E. R. Kinnear against the S. O. Oil Company, a copartnership, et al. When the case was called for trial, S. W. Parish was by leave of court made a party plaintiff. Verdict and judgment for plain-

tiffs. Defendants appeal. Reversed and remanded.

R. W. Kellough and Franklin H. Griggs, for plaintiffs in error.

Dillard, Allen & Branson, for defendants in error.

MILLER, J. This action was commenced in the district court of Tulsa county by G. E. R. Kinnear, as plaintiff, against the S. O. Oil Company, a copartnership composed of J. O. Peterson, P. E. Fehlman, C. J. Marker, A. L. Schellhammer, and S. E. Walker, as defendants, to recover the value of an oil drilling rig which was destroyed by fire. The case was tried to a jury, which returned a verdict against the defendants. Judgment was rendered on the verdict, and the defendants appealed and appear here as plaintiffs in error. For convenience, the parties will be referred to as they appeared in the lower court. The 14 specific assignments of error set out in the petition in error are discussed in the brief under six heads. It will only be necessary to consider the first and second, and they will be considered together.

"First: Suits at law must be prosecuted in the name of the real parties in interest.

"Second: Upon a change in the attitude toward each other of the parties to an action, the pleadings should be recast and issues framed accordingly."

The history of this case leading up to the trial as shown by the pleadings and the record is as follows:

G. E. R. Kinnear, as sole plaintiff, on December 7, 1915, filed his petition in the district court alleging in part:

"That, heretofore, to wit: The plaintiff entered into a verbal contract with the defendants by the terms of which it was agreed that plaintiff should furnish a certain National drilling machine and other tools and appliances, used in and about such a machine and for the purpose of drilling oil and gas wells and a driller and tool dresser; which machine and appliances and driller and tool dresser the defendants were to use in cleaning well No. 7, on the Thomas Henson lease in section 21, township 20, range 13, in Tulsa county, Oklahoma, for and in consideration of the payment to plaintiff by defendants of the sum of twenty ($20.-00) dollars per day for each day same should be used."

The petition then states that while the drilling outfit was being used to clean out the well, it caught fire and was totally destroyed and plaintiff suffered a loss of $1,140, and prays for judgment for that amount against each of the defendants, naming them. The petition is signed by Dillard & Dillard, attorneys for plaintiff. A motion to make the petition more specific, definite, and certain was filed by defendants, and a demurrer was also filed, but these do not seem to have been passed upon by the court.

Afterwards, and on July 28, 1916, the defendants filed an answer and cross-petition.

On May 12, 1917, the plaintiff filed a garnishment affidavit upon which a garnishment summons was issued against S. W. Parish. Thereafter, S. W. Parish, by his attorneys, Dillard & Dillard, filed an answer as garnishee in which he admitted an indebtedness to the defendants in the sum of $1,301.62.

On May 14, 1917, the plaintiff filed a reply, consisting of a general denial, which was filed by Dillard & Dillard, attorneys for plaintiff.

On May 16, 1917, the defendants filed a motion to bring in S. W. Parish as an additional party defendant and quash the garnishment proceedings herein. The motion is supported by an affidavit of defendant S. E. Walker, from which affidavit we quote a part as follows:

"That the S. O. Oil Company, so-called, was, at the times referred to in the petition herein, a copartnership composed of J. O. Peterson, P. E. Fehlman, A. L. Schellhammer and himself, and that one S. W. Parish, the garnishee herein, and the said firm or copartnership were the joint owners of and engaged in joint operations under the oil and gas lease referred to in the petition herein. and that they had been so jointly engaged in operations thereunder for some time prior to and at the time of the fire loss out of which the pretended cause of action herein arose, to the expense of which said operations and in the profits wherefrom, he, the said S. W. Parish, had shared and contributed from time to time, and that the sum and amount now admitted by him in his answer and disclosure as a garnishee herein to be due and owing is a part of a disputed balance of the joint account arising from and out of the conduct of their said joint enterprise under the lease of which mention is had and to which reference is so made in the petition herein, and, in a large measure, in connection with the well in question.

"That said S. W. Parish, the said garnishee herein, was formerly associated with the plaintiff herein, G. E. R. Kinnear above named, and his partner in the business of drilling oil and gas wells, and as such had drilled a number of the other wells on the premises referred to in the said petition

herein in the course and furtherance of the joint enterprise and undertaking aforesaid, and that the failure to adjust the mutual accounts of the various persons interested in the said joint enterprise and undertaking, in the due course of the conduct of which some nine wells, including the one over the drilling of which the pretended cause of action herein arose was one, were drilled, has resulted in litigation, of which the action now pending in the above entitled court known as No. 5203 of its files and records, in which the members of the said copartnership above named are the plaintiffs and the said S. W. Parish, the garnishee herein, is the defendant, is a part."

Upon this motion being presented to the court, on May 21, 1917, the court made an order that the said S. W. Parish be brought in and made a party defendant in the above entitled action.

Thereafter the defendants dismissed their cross-petition, leaving only their answer to the plaintiff's petition as their pleadings in this case.

On June 8, 1917, S. W. Parish filed his separate demurrer to the plaintiff's petition, which was signed by Dillard & Dillard, attorneys for S. W. Parish. It does not appear that this demurrer was ever passed upon by the court, and on June 21, 1917, S. W. Parish filed an answer, which answer was signed by Dillard & Dillard, attorneys for S. W. Parish. He denied any liability to the plaintiff under the allegations of plaintiff's petition; alleged that he had been brought in as a garnishee and had filed his answer admitting indebtedness to the S. O. Oil Company, and that he was now holding the sum of money representing said indebtedness for the benefit of the plaintiff under said garnishment, or for the benefit of the defendants, and asked that the court determine to whom the fund belonged. The third paragraph of this answer reads:

"3rd. For a further special answer in this behalf, this defendant says that he owned an eighth interest in the lease and leasehold estate on which the well was being drilled, as alleged in plaintiff's petition at the time the fire occurred which, plaintiff alleges, damaged his property, but that he did not make any contract with the plaintiff for the drilling of said well and said well was drilled against his wishes and over his protest, and that he was not managing nor using the tools of the plaintiff at the time that same were alleged to have been damaged, and that same were not damaged by reason of any negligence or lack of care on the part of the defendant."

He then states that the S. O. Oil Company is a partnership doing business under a fictitious name and has not complied with the laws of the state of Oklahoma by filing, in the office of the clerk of the district court of Tulsa county, its statement showing the copartners composing said firm, and says that defendants are not entitled under the law either to sue or defend in this action, or be recognized in any way by the court herein. He asks that he be permitted to go hence and recover his costs.

On June 28, 1917, the defendants filed their second amended and supplemental answer, to which the plaintiff, by his attorneys, Dillard & Dillard, filed a reply, which consisted of a general denial.

The above recites the condition of the pleadings when the case was called for trial on October 9, 1917, at which time S. W. Parish filed an application to be made a party plaintiff, which reads as follows:

"Comes now S. W. Parish and respectfully shows to the court that the cause of action alleged in plaintiff's petition exists in favor of this applicant, S. W. Parish, and the plaintiff, G. E. R. Kinnear, who were at the time of the occurrence of all the matters and things set forth in said petition general partners doing business under the firm name of the Tulsa Drilling Company.

"This application further shows to the court that the fact of his being a real party in interest in this action was not revealed to his attorney until on Sunday October 7, 1917, and that this application is made for the purpose of having determined in this action the actual rights of the parties, and not for the purpose of delay.

"Wherefore applicant prays that he be made a party plaintiff without prejudice to trial."

Thereupon the following proceedings were had:

"That thereafter such further proceedings were had in the above entitled action that when it was called for trial, and on the 9th day of October, 1917, the application then and there made by the said S. W. Parish to become a party plaintiff to the above entitled action as a copartner with the said G. E. R. Kinnear above named, theretofore the sole plaintiff herein, and that the trial thereof proceed with them both as plaintiffs known as and doing business under the firm name and style of the 'Tulsa Drilling Company,' a copartnership, was granted forthwith over the objections then and there made by the defendants above named thereto, to which said action on the part of the court they took and saved their exceptions, and the plaintiffs thereupon dismissed as to J. O. Peterson, one of the defendants above named, upon the suggestion of his demise, and the garnishment proceedings against him, the said S. W. Parish, were then and

there also dismissed upon their motion, the minute records and docket and journal entries of the above entitled court with reference to all thereof, and the application aforesaid, with the exceptions taken by the remaining defendants to the action of the court thereon, with all of the indorsements on each whereof, being in words, figures and phrases following, to wit:

" 'Certified Excerpt from Records, October 9, 1917.

" 'Case 5040 G. E. R. Kinnear v. The S. O. Oil Co. et al.

" 'Application to make additional parties plaintiff.

" 'Application sustained. Defs excepts.

" 'Comes now plff and dismisses to J. O. Peterson, now dec'd and garnishee proceedings against S. W. Parish.'

"The foregoing is hereby certified as a true and correct excerpt from the original daily minute records and transcribed journal entries of the proceedings had and taken in open court.

"Frank Ingraham,
"Clerk of District Court.
"By R. L. Laws, Deputy."

"Exceptions by Defendants to Change of Parties.

"Be It Remembered, that upon presentation of the application of S. W. Parish, one of the defendants herein, to be made a party plaintiff hereto, and that the further prosecution thereof be in his name and that of G. E. R. Kinnear, as copartners under the firm name and style of Tulsa Drilling Company, the defendants, P. E. Fehlman, C. J. Marker, A. L. Schellhammer and S. E. Walker, objected thereto upon the grounds for the reason that he had theretofore been made a party defendant upon motion therefor in proceedings duly had herein pursuant thereto and by an order entered thereon, to which no exceptions had been taken and which was still in force and effect and that upon the record as it then stood in the above entitled action at the time his said application was made he was a joint tortfeasor with them in the commission of the acts out of which the cause of action herein is claimed to have arisen and upon which it is based and as such he could not become a party plaintiff against them and indirectly compel contribution from them; and the plaintiff having suggested that no amendments of the pleadings would be required but that the above entitled action might proceed to trial without delay upon the pleadings as they stood, the defendants above named further objected that they could not safely proceed to trial with the pleadings as they then stood, and without opportunity given them to present and submit their defenses to the cause of action herein if he, the said S. W. Parish, were permitted and allowed so to become a party plaintiff in the above

entitled action; all of which their said objections were then and there overruled, to which action of the court they then and there took and saved their exceptions, which were allowed. The foregoing is allowed because of the insufficient showing of record."

Without any amendment being made in the pleadings to meet the changed conditions and over the objection of the defendants, the court immediately proceeded with the trial of the case. The jury returned a verdict in favor of the plaintiffs and fixed the amount of their recovery at $1,140, and interest from the 2nd day of October, 1915. The defendants filed their motion for a new trial and thereafter, on the 14th day of February, 1918, the court overruled the motion and rendered judgment on the verdict of the jury in favor of the plaintiffs, G. E. R. Kinnear and S. W. Parish, a copartnership, known and doing business under the firm name and style of the Tulsa Drilling Company, and against the defendants, the S. O. Oil Company, a copartnership, and P. E. Fehlman, C. J. Marker, A. L. Schellhammer, and S. E. Walker.

The question before this court is, Did the action of the trial court in permitting S. W. Parish to be made a plaintiff, and forcing the defendants immediately into trial, constitute an abuse of discretion on the part of the court? We think it did.

Revised Laws of Oklahoma 1910, section 4681, reads:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

This action was not being prosecuted in the name of the real party in interest. Plaintiff, G. E. R. Kinnear, could not have maintained the action when it was made to appear by the evidence that S. W. Parish was his partner in the ownership of the drilling tools, the value of which was sought to be recovered in this action. The plaintiff, in making out his case in brief, would necessarily have to testify as to the ownership of the drilling rig and tools in controversy. He would undoubtedly have testified that S. W. Parish was a partner and part owner of the drilling rig and tools. Had the defendants then interposed a motion to dismiss because the action was not being prosecuted in the name of the real parties in interest, the court would have sustained such a motion.

The petition was not amended in any way, no time given to amend, and no time given

the defendants to amend their pleadings to conform to the changed conditions. Under this state of the record, there was not any petition on file to sustain the judgment rendered by the trial court in favor of the plaintiffs, Kinnear and Parish. The petition did not even purport to state a cause of action in favor of Kinnear and Parish, a partnership doing business under the firm name and style of the Tulsa Drilling Company. Kinnear and Parish each knew at the commencement of this action that Parish was a partner with Kinnear and owned a one-half interest in the subject of the action. By not disclosing this state of facts to their attorneys the pleadings did not state the true facts and were misleading and unfair to the defendants. If the court felt inclined to permit Parish to change fronts and be made a party plaintiff, it could only be done by an amendment of the petition, and the defendants would certainly have a right to amend their answer to conform to the changed conditions and set out the necessary facts, so that, if plaintiffs recovered against the defendants, the issue of the liability of Parish might be tried and his liability fixed. If Parish was a partner with the others in the firm known as the S. O. Oil Company, or if he was the owner of a part interest in the lease, he would be a proper party defendant, and if he was liable, the other defendants would have a right to contribution as against him, or that the judgment run against him.

Without being given time to amend the pleadings and raise the issue the rights of the defendants were thereby prejudiced. The action of the trial court in forcing the defendants to trial after permitting Parish to change fronts and be made a plaintiff was an abuse of discretion and constituted reversible error.

The action was not prosecuted in the names of the real parties in interest, and the petition does not support the judgment of the trial court.

As the case will have to be reversed for the reason herein stated, it will not be necessary to pass upon the other questions raised by the petition in error.

The judgment of the trial court is reversed, and this cause is remanded, with instructions to grant a new trial.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.