OWENS et al. v. TAYLOR et al.

No. 13154 —Opinion Filed Feb. 13, 1923.

Rehearing Denied March 6, 1923.

Second Rehearing Denied June 19, 1923.

(Syllabus.)

1. **Appeal and Error—Discretionary Rulings —Trial Amendments.**

An amendment of the petition during the trial under the provisions of section 4790,

Revised Laws 1910, is within the sound discretion of the trial court, and such action will not be disturbed on appeal in the absence of a showing of an abuse thereof.

## 2. Same — Amendments Considered As Made.

Where permission is given during the trial to amend the petition to conform with the proof, proper practice requires that the amendment shall actually be made; but, if leave to amend is given and the cause is tried as though the amendment had been made, this court will consider the order as standing for the amendment itself.

## 3. Same.

The trial court ordered an amendment to conform to the proof, and the case was tried as though the amendment had been made, and the record furnishes upon its face all data to apply it; under such circumstances the amendment will be considered as made although no actual changes are made in the pleadings.

## 4. Infants — Reaching Majority During Pendency of Action—Effect.

Where the plaintiff is an infant when the action is commenced, but during the pendency of the action reaches his majority, it is competent for him to adopt and ratify what has been done therein, and there is no reason why the action should not proceed with the same effect as if it had been properly commenced.

Error from District Court, Tillman County; A. S. Wells, Judge.

Action by A. B. Taylor and another against R. L. Owens and one other for broker's commission. Judgment for plaintiffs, and defendants bring error. Affirmed.

Everest, Vaught & Brewer, for plaintiffs in error.

V. E. McInnis and P. Mounts, for defendants in error.

COCHRAN, J. The defendant in error A. B. Taylor commenced this action against the plaintiffs in error to recover the sum of $14,000 as a real estate brokerage commission. The parties will be referred to as plaintiffs and defendants. as they appear in the lower court.

During the introduction of plaintiff's testimony it developed that A. B. Taylor and M. A. Taylor. his father. were interested in the transaction as partners, and thereupon this plaintiff asked permission to amend the petition and make M. A. Taylor one of the plaintiffs. The court. over the objection of the defendants. permitted the amendment of the petition to conform to the proof. It does not appear that any actual change was made in the original petition. which was on

file, and in which A. B. Taylor appears as the only plaintiff. The defendants ask for a reversal of this case because the evidence discloses that the plaintiff, A. B. Taylor, did not have an individual cause of action against defendants and that the cause of action was one in favor of A. B. Taylor and M. A. Taylor as partners, and that the trial amendment did not cure this defect, because the averments of the petition were not amended and the pleadings were not recast so as to show a cause of action in favor of A. B. Taylor and M. A. Taylor. Defendants do not attempt to show that they were in any manner prejudiced by the amendment or by the court treating the pleadings as amended; they asked for no continuance, and made no showing that prejudice to their rights would result by reason of the trial being completed at that time. Section 4790, Revised Laws 1910, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense."

In construing the above section of the statute, this court has repeatedly held that the allowance of such an amendment is within the court's sound discretion and will not be disturbed in the absence of a showing of abuse thereof. Mackenzie v. City of Anadarko, 72 Oklahoma, 178 Pac. 483; McKee v. Jolly, 72 Oklahoma, 178 Pac. 656; Matthews et al. v. Sniggs et al., 75 Okla. 108, 182 Pac. 703; Smith v. Rockett et al., 79 Okla. 244, 192 Pac. 691.

The right of the trial court to permit the amendment is not seriously contested by the defendants, but it is urged that the amendment, which was sought and obtained, only went to the extent of adding a new party plaintiff and was not an amendment of the cause of action. The defendants reached this conclusion because the pleadings were not recast in any manner or changed by interlineation or otherwise. With this contention we cannot agree, because the order of the court was in the following words:

"The plaintiff is permitted to amend the petition to conform with the proof."

In 31 Cyc. 386. the rule is stated as follows:

"While it is very generally conceded that proper practice requires that amendments should actually be made, it is nevertheless held in a large number of decisions that if leave to amend is given. and the cause is tried as though the amendment had been Anadarko. 72 Okla. 178. Pac. 483: McKee v.

made, the necessity for making it is thereby obviated. The court is to consider the order as standing for the amendment itself. And where an amendment is ordered or permitted and is of such a nature that the record furnished upon its face all the data for applying it, it may be considered as made, although no verbal changes are made in the pleadings, which are then to be read as if they had been actually amended." First National Bank v. Tappan et al., 6 Kan. 456; Hanlin v. Baxter, 20 Kan. 134; Excelsior Manufacturing Co. v. Boyle (Kan.) 26 Pac. 408; Wilkins v. Tourtelott, 129 Kan. 514; Organ Co. v. Lasley, 40 Kan. 521.

The right to consider this pleading as amended so as to conform to the order of the court and to conform to the proof is supported by the following decisions of this court: Ferris v. Jones, 78 Okla. 154, 189 Pac. 527; Bailey v. Lankford, 54 Okla. 692, 154 Pac. 672; Dolezal, County Clerk, v. Bostick, 41 Okla. 743, 139 Pac. 964; Reeves v. Chas. F. Noble, No. 11073, 88 Okla. 179, 212 Pac. 995.

It is earnestly insisted that the case of Fehlman v. Kinnear, 85 Okla. 282, 205 Pac. 1091, is an authority in support of the contention of the defendants, but in that case Kennear filed his suit against Fehlman et al., and thereafter S. W. Parish was made a party defendant and filed an answer. When the case came on for trial, S. W. Parish appeared and asked to be made a party plaintiff, asserting that a joint cause of action existed in favor of Kinnear and Parish and against the defendants. Over the objection of the defendants, Parish was made a party plaintiff, and thereupon the defendants objected to proceeding to trial and set out in detail the reasons why they would be prejudiced by being required to go to trial at that time with the parties and issues changed. This court held that the action of the trial court under the circumstances was an abuse of discretion. The holding of the court, in our opinion, is not in conflict with our conclusions in the instant case. Paragraphs 2 and 3 of the syllabus in that case, in so far as they are in conflict with the views herein expressed, are overruled.

It is next insisted that the case should be reversed because at the time the suit was brought, A. B. Taylor was a minor and suit was brought in his own name instead of by guardian or next friend. The testimony shows that although the plaintiff, A. B. Taylor, was a minor when the suit was filed, he was 21 years of age when the case was tried. The failure to bring the suit by guardian or next friend was an irregularity

and did not affect the jurisdiction of the court, and when plaintiff reached his majority the necessity therefor ceased.

In the case of Germain v. Sheehan, 25 Minn. 338, the court said:

"The plaintiff, being an infant when the action was commenced, should have appeared by guardian, and his appearance by attorney was erroneous. But if, during the pendency of his action, an infant plaintiff reaches majority, it is competent for him to adopt an action thus erroneously commenced, and to ratify what has been done therein; and thereafter there is no good reason why the action should not proceed with the same effect as if it had been properly commenced. See Stupp v. Holmes, 48 Mo. 89; Randalls v. Wilson, 24 Mo. 76; Marshall v. Wing, 50 Mo. 62; Hillegass v. Hillegass, 5 Pa. St. 97." Woodman v. Rowe, 59 N. H. 453; Smart v. Harring, 14 Hun. 275.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, and NICHOLSON, JJ., concur.