## HORNER et al. v. REID.

No. 25918. April 7, 1936.

Rehearing Denied April 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied May 26, 1936.

R. E. Bowling, for plaintiffs in error.

Blanton, Curtis & Blanton, for defendant in error.

PER CURIAM. The plaintiff, Reid, filed his petition against the defendants Horner, father and son, alleging substantially personal injuries to himself and damage to the automobile owned and driven by him, as the result of a collision with an automobile owned by Horner, Sr., but negligently operated and driven by Horner, Jr., as agent of the father. Horner, Jr., a minor at the time, was served personally with summons; no guardian ad litem was appointed to represent him, but he filed an answer and cross-petition against the plaintiff, by his attorney; Horner, Sr., filed a verified general denial. Verdict and judgment were rendered in favor of Reid, the plaintiff. A joint motion for a new trial was filed and overruled. Timely exceptions were saved and notice of appeal was given. A joint petition in error was filed and appeal was duly taken.

Three propositions are urged for reversal:

(1) That Horner, Jr., was a minor, and no judgment should have been rendered against him without the appointment of a guardian ad litem.

(2) That the demurrer to the evidence of the plaintiff should have been sustained as to Horner Sr., or a directed verdict as to him should have been sustained.

(3) That the court erroneously instructed the jury.

We shall first consider the propositions as to Horner, Jr.

In the interim between the filing of the petition and the trial, Horner, Jr., attained his majority; whether or not he filed his answer and cross-petition during his minority or after attaining his majority is not shown. His answer pleaded a denial of any negligence on his part, and facts at length constituting contributory negligence on the part of the plaintiff. The answer was specifically referred to in and made a part of the cross-petition. In this he sought exemplary damages in the sum of $1,000, and also damages of $250 to the car driven by him. When the case was regularly assigned for trial, he announced ready, and appeared both in person and by his attorney. His attorney cross-examined the witnesses; he offered himself and other witnesses in his own behalf; he did not demur to the evidence of the plaintiff, nor did he seek a directed verdict in his favor; he filed no exceptions to the instructions of the court.

The failure to appoint a guardian ad litem for Horner, Jr., after he was duly served with summons was not such a jurisdictional defect as would render void the judgment against him, although he was a minor at the time of rendition of such judgment. Baldridge v. Smith, 76 Ok'a. 36, 184 P. 153; Slemp v. Tulsa, 139 Okla. 76, 281 P. 280.

In Owens v. Taylor, 90 Okla. 96 213 P. 300, it was held:

"Where the plaintiff is an infant when the action is commenced, but during the pendency of the action reaches his majority, it is competent for him to adopt and ratify what has been done therein, and there is no reason why the action should not proceed with the same effect as if it had been properly commenced."

The cross-petition of the defendant Horner, Jr., was in effect a petition against the plaintiff. By appearing, announcing ready for trial, and cross-examining and presenting witnesses, as he did, he effectively adopted and ratified the answer and cross-petition filed for him, and he cannot now be heard to complain.

His first proposition, therefore, is without merit.

Horner, Jr., having failed to except to the instructions given by the court, they cannot be considered as erroneous. Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 P. 925.

Therefore, we hold that the assignments of error complained of by Horner, Jr., are without merit, and the judgment as to him should be affirmed.

Since Horner, Sr., saw fit to file with his son a joint motion for new trial and a joint petition in error, and the judgment and verdict being good as to the son, the father's assignments cannot be considered.

In Bilby v. Gibson, 133 Okla. 196, 271 P. 1026, it is held:

"A joint assignment of error must be good as to all who join in it, or it will be good as to none."

In the opinion it is also said:

"'Where a joint motion for new trial is filed and a joint assignment of error is relied on, that the evidence was insufficient to sustain the judgment as to all of the defendants, if not good as to one, no inquiry will be made as to the other, and the error assigned is of no avail.' W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 P. 428."

Also see Niles v. Citizens Nat. Bank, 110 Okla. 146, 236 P. 414; Kingkade v. Plummer, 111 Okla. 197, 239 P. 628. .

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles A. Holden, R. B. McDermott, and Booth Kellough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holden, and approved by Mr. McDermott and Mr. Kellough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.