STEPHENSON v. STEPHENSON.

No. 31629. May 15, 1945.

Rehearing Denied Jan. 15, 1946.

Application for Leave to File Third Petition for Rehearing Denied
April 2, 1946.

*167 P. 2d 63.*

Stephenson & Stephenson and Arthur Cochran, all of Okemah, for plaintiff in error.

Nolen & Ross, of Okemah, for defendant in error.

ARNOLD J. This action was commenced by plaintiff, Helen Stephenson, by filing her petition in the district court of Okfuskee county on February 18, 1943, against Robert L. Stephenson for divorce and for custody of their minor child, the grounds for the action being cruelty and nonsupport. Defendant, Robert L. Stephenson, filed an answer and cross-petition in which he denied the allegations of cruelty and nonsupport and sought a divorce and custody of the minor child, the grounds of his cross-petition being adultery of plaintiff and general immorality.

These parties were married on the 30th day of June, 1940, at which time both of them were minors. The child of the marriage at the date of the trial was two years of age. The defendant, Robert L. Stephenson, became of age December 11, 1943. Plaintiff filed her answer to the cross-petition in which she denied the charge of adultery and general immorality, and further alleged that plaintiff and defendant lived together as husband and wife after the time alleged by defendant as covering the alleged acts of infidelity. The testimony on the trial was voluminous, but the judgment of the trial court granting plaintiff a divorce on the ground of cruelty is not clearly against the weight of the evidence. Plaintiff was granted exclusive custody of the minor child, Patricia Stephenson, and defendant was ordered to pay $50 per month for the support of said child beginning on the 5th day of July, 1943. As alimony the court awarded the plaintiff certain bonds owned by the defendant and all of the household property owned by the parties.

After motion for new trial had been filed and overruled, the defendant appeared by Harry Stephenson, his father and next friend, and filed a motion to vacate the judgment on both jurisdictional and nonjurisdictional grounds, One of the grounds of this motion to vacate was "for fraud practiced by the successful party in obtaining the judgment or order," as set out in 12 O. S. 1941 § 1031, subd. 4. On July 19, 1943, a full hearing was had upon this motion to vacate, defendant producing the oral testimony of four witnesses together with documentary evidence in support of his contentions. This motion to vacate the judgment was overruled, exceptions granted, notice of appeal given in open court, and time extended for making and serving case-made.

The principal contention of plaintiff in error, Robert L. Stephenson, is that the trial court was without jurisdiction in the action for the reason that he was a minor at the time the action was filed and at the time of the trial and that no guardian ad litem was appointed to defend for him. It appears, however, that by his answer and cross-petition he sought affirmative relief without suggesting to the court his minority and without requesting the appointment of a guardian ad litem. His contention that the judgment is void for want of jurisdiction or power to enter the judgment is without merit. Though, as he contends, there was no service of summons upon him, he could and did file his cross-petition seeking a divorce and custody of his infant daughter. By so doing he instituted a cause of action, as he had a right to do. The provisions of 12 O.S. 1941 § 226 became applicable to him in the prosecution of his cross-petition. Under this section an order appointing a next friend is not a prerequisite to the right to sue. Griffin v. Culp, 68 Okla. 310, 174 P. 495; Baldridge v. Smith, 76 Okla. 36, 184 P. 153; Horner v. Reid, 177 Okla. 154, 57 P. 2d 857. By filing his cross-petition the minor defendant invoked the jurisdiction of the court over his person. The jurisdiction thus invoked is not and cannot be restricted to a determination of the relief sought in the cross-petition. He was in court for all purposes of the action, and therefore the judgment, like a judgment entered against a minor properly served, is at most voidable and maintains until set aside or modified in an appropriate proceeding. It is obvious that the cases relied upon by defendant on this point are not applicable. In the case of Walkenhorst v. Lewis, 24 Kan. 330, that court in passing upon a similar contention there made said:

"A judgment rendered against a minor without the appointment of a guardian ad litem may be voidable but is not void. Such appointment can only be made after jurisdiction has been acquired, and then the failure to appoint does not oust the jurisdiction but is simply an error to be corrected by proceeding in error."

The rule there announced has been adopted and followed in this state. In the case of Slemp v. City of Tulsa, 139 Okla. 76, 281 P. 280, the third paragraph of the syllabus reads:

"Failure to appoint guardian ad litem for infant defendant properly served does not render judgment void, but at most voidable."

An infant may be sued or sue either in law or in equity. It is the policy of the law generally and of our statute (12 O.S. 1941 §§ 226, 228) to protect the interests of minor litigants. The foregoing sections were designed to accomplish this purpose. If, however, the interests of a minor, over whom the court has jurisdiction, are shown to have been fully protected and preserved, his application by and through his father, an attorney, as next friend, to vacate a decree of divorce based upon jurisdictional and nonjurisdictional grounds should be denied. Such a judgment is not void, but at most voidable, though the court failed to appoint a guardian ad litem as required by the statute, and such error does not constitute sufficient cause against the judgment where the record in its entirety shows no prejudice to the defendant minor, but on the contrary shows that the interests of said infant were fully protected. A judgment against a minor, though concededly erroneous for failure of the court to appoint a guardian ad litem to represent him and protect his interests, being voidable only, is valid and binding until reversed or set aside in some appropriate proceeding. The same presumptions are indulged in favor of a judgment against an infant who was properly in court as are indulged in favor of a judgment against an adult, and it will therefore be presumed that the court protected his rights, in the absence of showing to the contrary; the burden is on the applicant, whether still an infant or not, to establish the grounds to support his application to vacate a voidable judgment against him and he must show an injustice has been done him. See 31 C.J., pg. 1166, §§ 355, 360, 363, 364, 365-369, and pg. 1112, § 248, and the cases therein cited.

The statutory right of an infant to attack a voidable judgment may be exercised at any time after the entry of the judgment and before the expiration of the time prescribed (12 O.S. 1941 § 96). The motion of the defendant minor constituted an action or proceeding by the minor such as is authorized to be prosecuted by next friend as provided in 12 O.S. 1941 § 226. The proceeding constituted an attack upon the voidable judgment theretofore entered against him. In the hearing conducted in support of the motion of the infant to vacate the judgment, he did not, as it was his burden to do, show any injustice to him by reason of the failure of the court to appoint a guardian ad litem to protect and preserve his rights, but, on the contrary, in our judgment, the record affirmatively shows that his rights were fully protected and he suffered no prejudice on account of the failure of the court to appoint a guardian ad litem for him.

For the reasons indicated the defendant, by his motion to vacate on both jurisdictional and nonjurisdictional grounds, wherein he was represented by next friend as authorized by law, is precluded by the judgment entered therein.

One of the grounds of the motion to vacate was that plaintiff, Helen Stephenson, was not a resident of the State of Oklahoma for the period of time necessary to authorize her to maintain the action. However, in his original answer filed in the case defendant expressly admitted her residential qualifications, and this answer was verified. Other testimony was also introduced by plaintiff on the matter of her residence. The testimony on this point is amply sufficient to support the determination of the trial court that she was a resident of Oklahoma as required by our statute.

Upon the entire record this court is of the opinion that the judgment of the trial court was correct, that its order requiring the payment of $50 a month for child support is not unreasonable, and that the judgment and order of the trial court should be in all things affirmed.

HURST, V.C.J., and OSBORN, BAYLESS WELCH, CORN, and DAVISON, JJ., concur. RILEY, J., dissents.

626

RILEY, J. (dissenting). By the decree here involved, a man was denied a divorce for failure to condone the confessed adultery of his wife. But his wife was granted a divorce from him upon a ground not alleged in her petition. It was extreme cruelty. Apparently the extreme cruelty upon which the decree was based was founded upon the fault of the wife as stated.

The man's (Robert L. Stephenson, plaintiff in error) action and conduct, after rendition of the decree against him and an order ancillary to it awarding custody of a child born of the parents, to the mother, was contemptuous of the court and allegedly criminal. He has taken his child from this jurisdiction and so he has violated the trial court's order awarding custody of the child to the mother. A citation for contempt has been issued and recalled.

Stephenson stands charged with "child stealing" in violation of the penal statutes of the State of Oklahoma, but he has not returned the child to the jurisdiction of our courts. So the plaintiff in error, Stephenson, is a potential outlaw insofar as the custody of the child is concerned, and while he may suffer the penalty of the law for his derelictions, nevertheless he abides his own discretion in obedience of the decree and order of the trial court this day affirmed.

Stephenson has sought here a "determination of his rights at law and in equity," but now his compliance with the final judgment of this court affirming the decree rendered below remains within Stephenson's discretion. I had thought the cause should have been held in abeyance to await the exercise of Stephenson's discretion so that it might be known whether he would obey any judgment or order finally rendered.

I had thought that in good and sufficient time the courts might determine whether the divorce and ancillary order of the child's custody were void or voidable. But it was urged in the case at bar that the decree was void for lack of the trial court's jurisdiction in that the parties were not actually residents of the State of Oklahoma, for the period of one year prior to the commencement of the action, as required by statute for the rendition of a decree of divorce.

The facts are that the parties, after marriage in Oklahoma, departed for Texas, where they resided during and for more than a year prior to the commencement of the action for divorce in Oklahoma. While the parties in their pleadings in conclusion agreed to the allegation of the required actual residence in Oklahoma, the specifications of their pleadings are at variance with these agreed conclusions.

Whether the parties were actual residents of the State of Oklahoma while they actually resided, according to their pleadings and proof, in the State of Texas, is a "fine kettle of fish" and somewhat confusing.

The matter presented in the case at bar goes to the ipse dixit of the law. It is a matter of jurisdiction dependent upon the fact of actual residence. The parties to an action at law, or in equity, may not confer jurisdiction upon a court. Primarily, and in finality, jurisdiction is a power conferred upon the court by the sovereign, but an element in the exercise of that power, in law or equity, is the facts of the controversy presented by the parties. The parties also must be summoned or be present in court. In the case at bar, the parties were before the court, but if they were not actual residents of Oklahoma for the required time prior to the commencement of the action, they are not divorced at all because the trial court did not have power to render the particular decree, and if this is so, Robert is not guilty of the crime charged upon him.

It may be that Helen, in writing, confessed her adulterous relation too soon. If so, it may be that she may be forgiven here, or hereafter. But Robert

should not have been condemned for not having condoned Helen's error.

The Lowly Nazarene said something about such a matter to Mary Magdalene, but now Robert has his election at his discretion, and his discretion extends to his determination of whether he will abide or obey the final judgment of this court.

In the jurisdiction of the state, the power of the district court to render a decree of divorce is dependent upon authority lodged in the court as to the particular subject matter. The trial court undoubtedly had general jurisdiction over domestic relations. It had authority of the parties, but Helen sued Robert for divorce upon one particular ground alleged in her petition, to wit, nonsupport, but she secured her divorce upon another and different ground, namely, extreme cruelty, mental in its nature. It consisted of the acts of Robert in accusing Helen of that which Robert observed and which Helen, in writing, repeatedly confessed.

I am indeed discouraged in being unable to comprehend whether it was Robert's accusation of the unfaithfulness and immorality of Helen that caused her "great mental humiliation and pain" as found by the trial court to be the ground for Helen's divorce, or whether Helen's mental pain and suffering were caused by her admitted adulterous relation.

In LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087, this court stated the law "Where a petition sought a divorce upon the ground of adultery, decree granting divorce upon the ground of defendant's habitual drunkenness was void as based upon an issue not in the case." The decree therein rendered was turned under again with the expression, "A party seeking a divorce . . . must allege the ground of divorce and prove that ground." Herein, the decree of divorce was based upon a ground, extreme cruelty, neither alleged nor proved.

A void judgment may be vacated by any party, unhampered by limitation of time. A void judgment binds no one. All acts performed as a result of a void judgment or decree are void. The rendition of a void decree is a fraud upon the parties. There can be no execution under it, and a void decree is a nullity in all of its horrendous aspects. In law and in equity such a decree is subject to being "lopped off" as a dead limb upon the judicial tree and by the instrument of an order or judgment based upon a motion or petition. If now the decree is void for want of jurisdiction, by reason of the lack of one or more of the elements or authority, such an infirmity in the disguise of a judgment or decree may subject it to being declared dead within or after lifetime of either party to it.

I am very certain, however, that a majority of the justices would not agree with this pronouncement so long as Robert shows disrespect for instrumentalities of his government, and particularly contempt for the trial court's decree and order with which he disagrees.