HOCKETT et al. v. VAUGHAN et al.

No. 32996.    May 9, 1950.

Rehearing Denied June 6, 1950.

*218 P. 2d 1045.*

Paul F. Showalter and J. F. Colson, both of Oklahoma City, for plaintiffs in error.

S. D. Williams and Curtis & Blanton, all of Pauls Valley, for defendants in error.

WELCH, J. Frances Vaughan, J. H. Vaughan, H. M. Vaughan, Eliza Crom-

well, and Ada Whitley commenced this action against Albert Hockett, Frank Hockett, and Maurine Howlett, nee Hockett, to quiet title to certain described real estate.

Plaintiffs in their pleadings alleged that they are owners of said lands and derived title in part by heirship from William A. Vaughan, deceased, and in part through purchase of the interest of other heirs under a judgment in partition; that defendants are grandchildren of William A. Vaughan, deceased, and became vested with 2/105ths interest in said lands; that after probate of the estate of William A. Vaughan, deceased, a judgment in partition was entered in district court in an action wherein the plaintiffs and the defendants herein were parties, and that said lands were sold to the plaintiffs under said judgment and plaintiffs became vested with all right, title and interest in the land.

The defendants alleged that each is respectively the owner of a 2/105ths interest in the land as an heir of William A. Vaughan, deceased, and were never divested of such interest in that the judgment in the partition action was without force and effect and void upon its face.

Evidence was introduced in support of the allegations and claims of the plaintiffs, and judgment was entered for plaintiffs quieting title as against the defendants.

On appeal the defendants present all assignments of error under a contention that the judgment in the partition proceeding is void upon its face in that the judgment roll therein reflects that no service of summons was ever had on the defendants who were the minors, and further, that defendants, then minors, were not represented by guardian ad litem.

The judgment roll in the partition case shows that prior to the entry of judgment therein, the defendants, who were then minors, by and through their legal guardian filed in the partition action a pleading which was in effect a cross-petition joining in the plaintiffs' effort to obtain partition, or seeking partition in behalf of the minors. That pleading was filed by the legal guardian after obtaining permission so to do from the county court having jurisdiction of the guardianship of the minors.

Obviously, the intent and purpose in filing the above pleading was to adopt the petition of the other parties plaintiff in seeking partition of the real estate. Such was the view of the trial court therein as is reflected by the following recitation in the journal entry of judgment:

"The defendant, L. A. Sanders, Guardian of the minors Frank Hockett, Albert Hockett and Maurine Hockett was duly served with summons and also filed his answer and cross-petition praying that the lands described in the petition be partitioned, . . ."

15 O. S. 1941 §27 provides:

"A minor may enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age, except that a guardian must be appointed to conduct the same."

12 O. S. 1941 §226 provides:

"The action of an infant must be brought by his guardian or next friend. . . ."

The language of section 226, supra, is identical with paragraph 4108, Gen. Stat. Kansas 1889. In an early decision of the Kansas court it was held:

"Whenever a minor seeks affirmative relief by any action or proceeding, such minor may appear by his next friend or guardian and apply for such relief, and after a ruling upon such application will not be heard to say that he had no power to thus appear." Burdette v. Corgan, 26 Kan. 102.

In Stephenson v. Stephenson, 196 Okla. 623, 167 P. 2d 63, in reference to a minor's challenge of a judgment as being void for want of jurisdiction, it was said:

"Though, as he contends, there was no service of summons upon him, he

could and did file his cross-petition seeking a divorce and custody of his infant daughter. By so doing he instituted a cause of action as he had a right to do. The provision of 12 O. S. 1941 §226 became applicable to him in the prosecution of his cross-petition. . . . By filing his cross-petition the minor defendant invoked the jurisdiction of the court over his person. . . . He was in court for all purposes of the action, and therefore the judgment, like a judgment entered against a minor properly served, is at most voidable and maintains until set aside or modified in an appropriate proceeding."

In that opinion it is pointed out that when a minor defendant has invoked the jurisdiction of the court over his person, the failure to appoint guardian ad litem does not oust the jurisdiction. Said the court:

"In the case of Slemp v. City of Tulsa, 139 Okla. 76, 281 P. 280, the third paragraph of the syllabus reads:

" 'Failure to appoint guardian ad litem for infant defendant properly served does not render judgment void, but at most voidable.'

" . . . 'A judgment against a minor, though concededly erroneous for failure of the court to appoint a guardian ad litem to represent him and protect his interest, being voidable only, is valid and binding until reversed or set aside in some appropriate proceeding. The same presumptions are indulged in favor of a judgment against an infant who was properly in court as are indulged in favor of a judgment against an adult and it will therefore be presumed that the court protected his rights, in the absence of showing to the contrary; the burden is on the applicant, whether still an infant or not, to establish the grounds to support his application to vacate a voidable judgment against him and he must show an injustice has been done him.' "

As noted, the defendants herein, minors at the time of the partition action, filed their petition therein by their legally appointed guardian seeking partition and thus clothed the court with jurisdiction over them. No evidence was offered that an injustice was done or that the rights and interests of the minor plaintiffs in the partition proceedings were not protected. Under the circumstances the judgment herein, unchallenged, except by the asserted invalidity of the judgment in partition case, should be affirmed.

The plaintiffs herein filed a cross-petition in error seeking dismissal of this appeal on the ground that the trial court erred in granting the defendants an extension of time in which to prepare and serve case-made. A supporting brief was filed which also sought affirmance of the trial court judgment and which presents argument and authorities to support the trial court judgment. We have considered the appeal on its merits and have concluded the trial court judgment should be affirmed. Since that is true, and since the assignments of error here presented are such as might be reviewed on transcript as well as on case-made, we need not further discuss or consider this contention of error in granting extension of time to make case-made.

We affirm the judgment on finding that the assignments of error by defendants are without support in the record, and therefore without merit. Review of the evidence and questions presented by the cross-petition in error is not required.

The judgment is affirmed.