## BAKER v. VADDER.

No. 10303—Opinion Filed Sept. 27, 1921.

(Syllabus.)

1. **Partition—Order Confirming Commissioners' Report — Finality — Collateral Attack.**

An order of court confirming the report of commissioners, in an action for partition of real estate, is conclusive against collateral attack on the ground that commissioners were not sworn as provided by statute, and such order not appealed from becomes final after the term, and can only be vacated as prescribed by section 5267, Rev. Laws 1910.

2. **Judgment — Conclusiveness — Res Judicata.**

A judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein.

3. **Same—Estoppel by Judgment—Question for Court.**

When a former judgment is set up as a bar or estoppel, the question whether there is such an identity of the parties and of the subject-matter or cause of action as will support the plea of res judicata is a question of law for the court when it is determinable from an inspection of the record.

4. **Attorney and Client—Authority of Attorney—Receipt of Money and Satisfaction of Judgment.**

An attorney has power to receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and, upon payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment.

5. **Appeal and Error—Right to Appeal—Necessity for Injury.**

In order to maintain an appeal or writ of error to this court, it is necessary that appellant shall be injuriously affected or aggrieved by the judgment order, or decree complained of; therefore, one cannot appeal from a decision, however erroneous, which does not affect his substantial rights.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by Edward Baker against Emma Vadder to vacate judgment of partition. Judgment for defendant, and plaintiff brings error. Affirmed.

D. K. Cunningham, Rittenhouse & Rittenhouse, P. T. McVay, and Gordon Stater, for plaintiff in error.

Boynton & Reilly, for defendant in error.

PITCHFORD, J. This action was brought by E. H. Baker, as plaintiff, in the district court of Kingfisher county, Oklahoma, against Emma Vadder, as defendant, seeking to have vacated a decree rendered in the district court of said county, on the 30th day of June, 1916, in cause No. 1425, in

which Emma Vadder, as plaintiff, filed a petition in partition against E. H. Baker and others for the purpose of having determined the interests of plaintiff and defendants in and to the S. W. quarter of section 15, in township 18 N., range 5 W. I. M. Judgment was rendered in said cause finding that Emma Vadder was entitled to two-thirds interest in said land, and defendants entitled to one-third interest.

Commissioners were appointed to view and appraise the land and make their report as provided by statute. The report of the commissioners was filed on the 24th day of April, 1916. The report filed disclosed that the land could not be divided among the several owners in kind. The appraisement returned by the commissioners was $3,000. On the day the report was filed, Emma Vadder filed a motion to confirm the report. and also her election to take the land at its appraised value. On the 26th day of April, 1916, E. H. Baker, along with other defendants, filed objections to the amount of the appraisement, claiming that the same was too low, and objected to the election of Emma Vadder to take the land at its appraised value. On the 29th day of April, 1916, the trial court entered an order decreeing the land to Emma Vadder upon her paying into court within 30 days $1,000; this award being made upon her bid according to the appraisement made by the commissioners. On the 29th day of May, 1916, E. H. Baker filed, with the clerk of the court, his offer and election to take the land at more than the appraised value, and offered to pay for the same $3,500.

On the 30th day of May, 1916, judgment was rendered finding that Emma Vadder, on the 26th day of May, 1916, complied with the previous order of the court by paying into court the amount required by such order, and that said amount was then in the hands of the court clerk, and that the bid interposed by E. H. Baker was out of time, and that the same was not such election as was contemplated by the law and was ineffective. The judgment, further, confirmed the report of the commissioners; that Emma Vadder had complied with the order of the court, entitling her to the absolute and full title to the lands in controversy, and awarding said lands to her, and decreed that none of the defendants had any right, title, or interest therein; that the title of Emma Vadder be quieted as against each and all of the defendants forever; to which the defendants excepted and prayed an appeal, and were given 60 days to prepare and serve a case-made. Nothing further was done by any of the defendants in the way of effecting an appeal.

In the petition filed by the plaintiff in the instant action, the allegation is made that the former judgment awarding the land to Emma Vadder and quieting her title therein was a nullity, for the reason that the commissioners had not qualified by taking oath prescribed by the statute; and for the further reason that the appraisement was made without viewing the land, and that the court was without jurisdiction to render a decree awarding the land to Emma Vadder when the plaintiff, as one of the parties in that action, had elected to take the land by paying therefor $500 more than was offered by Emma Vadder.

The defendant filed her answer, alleging that the commissioners did qualify and did take the oath as required; that the plaintiff was now estopped to prosecute this action, for the reason that, after the $1,000 was paid to the clerk under the order of the court, he received from the clerk the full sum awarded him by the court in the partition proceeding; that the judgment therein rendered by the court was res adjudicata. Her prayer was "that she go hence without cost, and that her title be forever and further quieted against the plaintiff, and that she recover from the plaintiff the costs of this action."

When the instant case was called for trial, plaintiff appeared by his attorney, D. K. Cunningham, and in person, and dismissed his petition without prejudice. Thereafter, the cause proceeded to trial upon the answer and cross-petition of the defendant. After hearing the evidence, the court rendered judgment in favor of defendant quieting her title to the land in controversy, from which judgment the plaintiff prosecutes an appeal to this court.

The grounds relied upon for reversal of the judgment of the lower court are: First, that the decree rendered in No. 1425, entitled Vadder v. Baker, being the partition suit, was void, for the reason that the commissioners appointed to appraise the land were not sworn prior to appraising the same. Second, that when the plaintiff dismissed his action, there was nothing pending before the court, and the court was without jurisdiction to render judgment quieting title in the defendant.

In considering the first contention of plaintiff, we quote from the judgment of the trial court rendered in the action at bar, on the 27th day of April, 1918, as follows:

"And now the defendant introduced her evidence and rested, and the plaintiff introduced evidence in rebuttal, and also evidence attempting to support the allegations of the petition which he had dismissed, and now, the court being fully advised in the premises, it is by the court considered, ordered and decreed that the defendant is the absolute owner in fee simple absolute of the S. W. quarter of section 15, in township 18 N., range 5, W. I. M., in Kingfisher county, Oklahoma, and that the claims of a pretended right, title or interest in the same by the plaintiff casts a cloud thereon unjustly, and that the pretended claims of the plaintiff are unfounded, and that all proceedings in the former case for partition, entitled Emma Vadder, plaintiff, v. Lucy Baker et al., in this court, were in all respects regular, free from fraud, and proper, and that all matters of which the plaintiff complains in his petition in this action were presented in the course of the former trial, and duly considered by the court, and adjudged against him, except a claim that the commissioners did not qualify by taking oath before entering upon their duties, and it is adjudged that the commissioners did qualify by taking such oath before so performing their statutory duties, and that this court has heretofore in the former case decided and adjudged that they had so qualified.

"And the court finds and adjudges that the plaintiff was duly represented in court by his attorney, R. W. Wylie, in such former proceedings, and that through his said attorney he, the plaintiff herein, obtained from and withdrew from the hands of the clerk of this court his proportion and share of the money coming to him in such partition, and that he thereby affirmed and acquiesced in all of the said proceedings and ratified the same, and is now estopped to claim otherwise."

In the judgment rendered in the partition proceedings herein, the report of the commissioners was confirmed, and the land awarded to Emma Vadder, under and by virtue of her election to take the land at its appraised value. The plaintiff was present and objected to the appraisement being too low, objected to the confirmation of the appraisement and the judgment decreeing the title in Emma Vadder. His objections were overruled, to which he excepted and prayed an appeal to this court, and he was given time in which to prepare and serve casemade. No further steps were taken relative to the appeal.

In the judgment rendered in the instant case, we find that the court, after hearing the evidence, found that the plaintiff had received his pro rata part of the $1,000 paid to the clerk by Emma Vadder; that the commissioners had been sworn before making the appraisement. But whether or not the appraisers had been sworn, the order of court confirming the report would, at least, be prima facie evidence that the commissioners had proceeded regularly and had complied with the provisions of the statute in this regard, an anyone attacking the confirmation upon that ground would be required to show that, as a matter of fact, the commissioners had not taken the prescribed oath, and that the failure to comply with the statute in taking the oath was occasioned by fraud practiced by Emma Vadder in obtaining the decree confirming the report and awarding the land to her. The court had jurisdiction of the parties and the subject-matter, and any irregularity that could have been amended upon motion would not render the confirmation void or avoid the decree quieting the title in Emma Vadder. At most, it could only render the proceedings voidable and subject to be set aside by a proper proceeding for that purpose. This was attempted by plaintiff, and the judgment of the court was adverse to his contention, and, as no appeal was prosecuted from that judgment, the same became final.

In Alfrey v. Colbert et al., 44 Okla. 246, 144 Pac. 179, the 2d and 3rd paragraphs of the syllabus are as follows:

"(2) A judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein.

"(3) When a former judgment is set up as a bar or estoppel, the question whether there is such an identity of the parties and of the subject-matter or cause of action as will support the plea of res judicata is a question of law for the court when it is determinable from an inspection of the record." To the same effect, see Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164; Smith et al. v. Braley et al., 76 Okla. 220, 184 Pac. 586; Kingfisher Improvement Co. v. Talley et al., 51 Okla. 226, 151 Pac. 873.

When the plaintiff received, from the court clerk, his pro rata portion of the $1,000 paid by Emma Vadder, he was estopped from afterwards complaining, unless the judgment in the partition action had been attacked for fraud; and if fraud had been alleged, he would not be permitted to retain the money and, at the same time, seek to vacate the judgment. The trial court, in the instant case, found from the evidence that he had received this money. There is

no allegation that the judgment in the partition action was procured by fraud; therefore, the action of plaintiff in receiving his pro rata portion would estop him from now prosecuting the action at bar. It is true there is no evidence that the plaintiff received this money in person, but the amount was received by his attorney of record, and we hold that the attorney was authorized to receive the same.

Section 245, Rev. Laws of Okla. 1910, provides as follows:

"An attorney and counselor has power to receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and, upon payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment."

In view of our conclusions upon the first assignment of error, it is unnecessary to consider the second contention of plaintiff, claiming that, when the plaintiff dismissed his action, there was nothing pending before the court, and that the court was without jurisdiction to render judgment quieting title in the defendant. By the decree in the partition action, the title to the property was adjudged to be in Emma Vadder, and the defendant was divested of each and every kind and all character of right, title, interest, or claim to the land, and was estopped and barred from ever having or claiming, as against Emma Vadder, her heirs or assigns, any portion of the same or any interest therein. That judgment not having been appealed from, the same became final, and concluded the defendant from making the claim he now makes.

Should we hold that, when the plaintiff dismissed his petition in the instant action, the answer filed by defendant did not contain a counterclaim, and did not give the court jurisdiction to render the judgment appealed from, still the plaintiff would be in no position to appeal, because he is in no manner injured, aggrieved, or affected by the judgment in this action quieting the title. In other words, this judgment in that regard does no more than the judgment rendered in the partition action, which has become final.

In Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455, the 2d paragraph of the syllabus reads as follows:

"It is necessary, in order to maintain an appeal or writ of error, that appellant shall be injuriously affected or aggrieved by the judgment, order, or decree complained of; therefore, one cannot appeal from a decision, however erroneous, which does not affect his substantial rights."

The judgment of the trial court is affirmed.

All the Justices concur.