## BROWN et al. v. MARCH.

No. 13718—Opinion Filed April 21, 1925.

Judgment—Persons Concluded—"Privy to Action."

To make a man a privy to an action, he

must have acquired an interest in the subject-matter of the action, either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold the property subordinately.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Jerome Brown and Nancy Brown against George S. March for the cancellation of a deed. Judgment for defendant, and plaintiffs appeal. Reversed.

Bridges & Vertrees and E. B. Anderson, for plaintiffs in error.

George S. March, for defendant in error.

Opinion by FOSTER C.. Plaintiffs in error, as plaintiffs, brought an action in the district court of Jefferson county, against the defendant in error, as defendant, for the cancellation of a certain deed, executed by the plaintiffs in error to the defendant in error on the 5th day of February, 1921. Parties will be hereinafter referred to as they appeared in the trial court.

It was alleged by plaintiffs in their petition that the land in controversy was part of an allotment which Jerome Brown had received as a member of the Chickasaw Tribe of Indians; that the restrictions upon the alienation of said land had been removed by the Secretary of the Interior on the 7th day of January, 1921, effective 30 days thereafter; that in the year 1917, Jerome Brown had been convicted of the crime of manslaughter and sentenced to serve a term in the state penitentiary therefor; that at the time of the execution of said deed, on February 5, 1921, the said Jerome Brown was at liberty from the penitentiary on a parole; that the deed was obtained from him for an inadequate consideration by duress, in that defendant represented that unless plaintiff executed and delivered the deed for a consideration of $700, said defendant would have the parole revoked and the plaintiff returned to the penitentiary; that by reason of the fraud and duress so practiced upon him, the deed was void, and prayed that the same be canceled and removed as a cloud upon his title.

Issue was joined upon the allegations of fraud and duress contained in the plaintiffs' petition and the cause proceeded to trial before the court and a jury. At the conclusion of plaintiffs' evidence, the defendant interposed a demurrer thereto, which was sustained, the jury discharged, and judgment thereupon rendered that the plaintiffs

take nothing by their action, declaring the defendant to be the owner in fee simple of the land in controversy and enjoining the plaintiffs from asserting or claiming any right thereto.

Motion for a new trial was filed by the plaintiffs, overruled, exceptions allowed, and the plaintiffs appeal, assigning as error the action of the trial court in sustaining the demurrer interposed by the defendant to the evidence introduced by them.

It appears that on February 7, 1921, some two days after the deed by the plaintiffs to the defendant had been executed, they executed a deed to one Alice M. Vaught to 50 acres of the land in controversy, and on the same date another deed to 20 acres of the land to G. E. Lynn and C. P. Hoggard. These latter deeds were executed for a consideration of $2,000, $1,500 to Mrs. Vaught and $500 to Lynn and Hoggard, payable on condition that plaintiffs make them a good title to the land. It further appears that Mrs. Vaught, as grantee in one of the deeds above referred to, had been in possession of the land under an agricultural lease which had theretofore been executed by plaintiffs to G. E. Lynn and by him assigned to Mrs. Vaught.

The defendant thereupon instituted an action in the district court of Jefferson county against Vaught, Lynn, and Hoggard to recover the possession of the land in controversy. Thereafter, and prior to the institution of this action, he obtained a judgment which was entered by the consent and agreement of all the parties thereto against said defendants, recovering the possession of said land, and canceling the various deeds and leases held by the defendants, affecting the title to said land.

The final judgment in this case was identified by the witness G. E. Lynn in his cross-examination and introduced in evidence by the defendant. It is contended that this judgment is conclusive and binding on the plaintiffs in the instant case.

The record discloses that the plaintiffs were not parties to the action of the defendant, George S. March, wherein he obtained judgment against Vaught, Lynn, and Hoggard. There is no evidence of any agreement between the plaintiffs and the parties to the former action that the defendant should prosecute an action against Vaught, Lynn, and Hoggard and that the judgment obtained in such action should be conclusive upon the plaintiffs as to their rights in the land.

On the other hand, it appears that no communication took place between the plaintiffs and any of the parties to the former action subsequently to the time that Vaught and Lynn obtained their deed. There is no showing that the plaintiffs aided or assisted in the institution of said action or in its prosecution.

It is true that the plaintiff Jerome Brown was in attendance upon the court at the trial of the former action as a witness for the defendants, but he did not testify at such trial nor did he voluntarily appear for the purpose of testifying.

The plaintiff Jerome Brown testified positively that he had no knowledge whatever of the former action by the plaintiff concerning the land until brought in as a witness by the defendants at the trial.

As we view the case, the only question presented is whether or not the trial court, as a matter of law, erred in holding that the judgment in the former action was conclusive on the plaintiffs in the instant case. It is insisted that, although the plaintiffs were not parties to the former action, they were nevertheless in privity with the defendants in that case and for that reason they are bound by the judgment rendered.

We have already called attention to the absence of anything in the evidence showing or tending to show that the plaintiffs entered into any agreement or contract by which they could be estopped by the former judgment or any conduct upon their part by which it could be said they acquiesced therein.

True, there might be circumstances in which a person not a formal party to the former action would be bound by the judgment rendered therein, but these exceptions under the facts and circumstances of the instant case are not applicable here. As was said in Allred v. Smith, 135 N. C. 443:

"No one can be bound by or take advantage of the estoppel of another who does not succeed or hold subordinately to his position."

In Butler v. Fryer, 59 Okla. 274, 159 Pac. 367, our court said:

"Privity in estate, as we understand it, implies mutuality of or succession in interest. Thus Miller might be in privity with the Butlers and bound by the judgment against them, but that does not necessarily mean that the Butlers are in privity with Miller and bound by the judgment in an action in which he alone was the party defendant. As is said in Bigelow on Estoppel, page 142, approved in Seymour v. Wallace, 121 Mich. 402: 'To make a man a privy to an action, he must have acquired an interest in the subject-matter of the action, either by inheritance, succession or purchase from a party subsequently to the action or he must hold the property subordinately.' "

In the instant case the plaintiffs did not succeed to any estate or hold subordinately to Vaught, Lynn, and Hoggard, the defendants in the former action. On the other hand the defendants in the former action derived whatever interests they obtained from the plaintiffs. If, after the execution of the deed by the plaintiffs to the defendant, the plaintiffs had brought an action for the recovery of the land, and if thereafter plaintiffs had given their deed to Vaught and Lynn, they would have been in privity with the plaintiff and bound by any judgment rendered in favor of the defendant. This, for the reason that the second grantees would have derived their title from the party bound by the judgment.

There is no question raised as to the authority of the attorneys representing the plaintiffs in the instant case and the mere fact that the same attorneys may have represented the defendants in the former suit is without significance in the absence of anything appearing in the record that they were acting also in that proceeding as the attorneys for the plaintiffs under an arrangement whereby the judgment of the court in the former action should operate as a conclusive adjudication as to the rights of the plaintiffs.

Our conclusion is that the trial court erred in holding that the judgment of the court in the former action was conclusive as to the plaintiffs in the instant case and in sustaining the demurrer interposed by the defendant to the evidence of the plaintiffs.

It follows that the judgment of the trial court must be reversed, and the cause remanded, with instructions to set aside its order sustaining said demurrer and grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. pp. 1011, 1012, § 1432.