### CARPENTER v. REO SALES CO.

No. 23468.    Dec. 27, 1934.

Rehearing Denied Feb. 12, 1935.

A. B. Carpenter, pro se.

E. D. Reasor and A. J. Carlton, for defendant in error.

CULLISON, V. C. J.  This is a suit by plaintiff seeking possession of a certain automobile, or the value thereof, from A. B. Carpenter, defendant.

The facts in this case are that the Reo Sales Company filed suit against Carpenter in the justice court and procured judgment in the justice court. An execution was issued on the judgment and levy made upon an automobile owned by Carpenter. Carpenter's car had been purchased upon a sales contract, a part of which purchase price remained unpaid and was a lien on the car. The Reo Sales Company deposited the amount of money due on the sales contract

with the county treasurer and became subrogated to the rights of the lienholder.

Shortly after the levy on Carpenter's automobile on the justice court judgment, Carpenter filed suit in the district court of Pottawatomie county, No. 12222, seeking to replevin his car from the constable. A trial of said case resulted in judgment for Carpenter for the possession of said car (holding that the levy of the execution was defective). In his replevin suit, Carpenter did not seek to recover damages from the defendant in the replevin suit. The constable was defendant and the members of the Reo Sales Company were his bondsmen on the redelivery bond.

Thereafter, the Reo Sales Company, as plaintiff, filed the suit at bar against Carpenter, seeking to recover possession of said automobile, basing said suit on the amount remaining due under the terms of the sales contract. Defendant answered, raising certain legal defenses, and cross-petition seeking affirmative relief from Collier and Hewlett, partners composing the Reo Sales Company, because of the loss of use of said car and deterioration thereof while the car was held under the execution levied by the constable, and the redelivery bond.

Plaintiff filed a reply, and in replying to the cross-petition, pleaded estoppel as to defendant recovering damages in this action, and that the element of damages should have been raised in the former replevin suit, No. 12222 filed by Carpenter.

Upon a conclusion of said trial, the court rendered judgment for plaintiff and against defendant on his cross-petition on the grounds of res judicata.

Defendant appeals and contends that the court erred in sustaining plaintiff's plea of res judicata.

We must bear in mind that when Carpenter filed suit No. 12222 in the district court, seeking to replevin the automobile in question, he did not seek to recover damages in any manner.

Section 791, O. S. 1931, reads:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

Under the provisions of said section, where suit is brought to recover the possession of personal property and plaintiff recovers, plaintiff is entitled to recover possession, or possession and an alternative judgment for the value of said property in the event delivery cannot be had, and recover damages for detention. Provision is thereby made for the plaintiff to recover possession or an alternative judgment for the value thereof and damages for detention, if any existed. Plaintiff has said rights, but he must raise the same by appropriate pleadings and substantiate the same with evidence. When the case is adjudicated, all matters properly triable therein cannot be raised again in another suit. When Carpenter filed case No. 12222 in the district court, and procured judgment therein, his rights were determined on the issues presented by the pleadings, and his right to recover damages, if any existed, was terminated with said suit.

This disposes of the only question necessary to determine this appeal.

The judgment of the trial court is affirmed.

ANDREWS, SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and WELCH and BUSBY, JJ., absent.