**FACTOR OIL CO. v. BRYDIA et al.**

No. 28279.   May 24, 1938.

Rehearing Denied Dec. 13, 1938.

C. F. Green, for plaintiff in error.

Everett Petry, for defendants in error.

HURST. J.   This is an action to recover the reasonable rental value of certain oil well casing. Defendants' demurrer to plaintiff's evidence was sustained, and judgment was entered dismissing the case. Plaintiff appeals. The controversy involves the following facts:

The Royalty Oil Refining Company mortgaged certain property, including the casing in question, to one G. J. Morton. trustee for the bondholders of the Royalty Oil Refining Company. Morton, as trustee, sued to recover judgment against the company and to foreclose the mortgage. While this action was pending. and on or about February 5, 1931. Fred Brydia, one of the defendants in the instant action, removed the oil well casing from the Royalty Oil Refining Company's lease without its or the bondholders' knowledge or consent, and

placed same in an oil well he was drilling in another area, and in which the Premier Investment Company, another defendant in the present action, was also allegedly interested. Morton, trustee, recovered judgment against the Royalty Oil Refining Company on August 31, 1932, and the property covered by the mortgage was sold to Blankenship, plaintiff in this action, who received a conveyance therefor on February 3, 1934. Blankenship bought the property in as trustee for the benefit of the bondholders.

Prior to entry of judgment in the suit of Morton, Trustee, v. Royalty Oil Refining Company, above referred to, the Royalty Oil Refining Company brought an action in replevin against Fred Brydia and Premier Investment Company, and several other parties not involved here, for the casing in question. Said suit was numbered 12244 in the district court of Pontotoc county. On November 20, 1934, plaintiff in said suit No. 12244 recovered an alternative judgment against Brydia for possession of the casing or for $1,496, the value thereof, with interest until paid. The Premier Investment Company's demurrer to plaintiff's evidence was sustained. Brydia continued in possession of the pipe and did not pay the amount found to be the value thereof.

On January 25, 1935, the present action was instituted by Blankenship, as trustee for the bondholders, to recover the reasonable rental value of the oil well casing from February 5, 1931, the date defendant Brydia removed the pipe, until the casing is delivered to plaintiff and the use thereof by defendants stopped. The Factor Oil Company purchased all the property of the bondholders of the Royalty Oil Refining Company and was substituted as plaintiff for Blankenship.

Among other things, defendants pleaded the judgment in the replevin suit styled Royalty Oil Refining Co. v. Brydia et al., No. 12244 in the district court of Pontotoc county, as a bar to this action.

■ While there is controversy between the parties as to whether the title to the pipe in question ever passed to Blankenship at the foreclosure sale, we will consider this issue favorably to the plaintiff and assume, without deciding, that the title to the pipe in question properly passed to Blankenship, and will consider the correctness of the trial court's ruling on the basis of the plea of res judicata.

In Alfrey v. Colbert (1914) 44 Okla. 246, 144 P. 179, we held that the following elements should be apparent to constitute a good plea of res judicata: First, the parties or their privies must be the same; second, the subject matter of the action must be the same; third, the issues must be the same, and must relate to the same subject matter; fourth, the capacities of the persons must be the same in reference to the subject matter and to the issues between them. Where these elements are clearly apparent, the plea should be sustained. See, also, Cox v. Colbert (1929) 135 Okla. 218, 275 P. 317.

(a) We are first confronted, therefore, with the problem of whether the parties or their privies are the same. The defendants Brydia and Premier Investment Company are the same as those in the former suit, so no question as to them on this point is involved. The Royalty Oil Refining Company, however, is no party to this action, so it is necessary to determine if the present plaintiff is in "privity" with the company. It was held in Brown v. March (1925) 111 Okla. 288, 242 P. 155, that for a person to be "privy" to an action, he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold the property subordinately. The term "subsequently to the action" means either after the suit is brought in which the title or right is involved, or after the rendition of judgment. See Cressler v. Brown (1920) 79 Okla. 170, 192 P. 417, and Morrissey v. Shriver (1923) 88 Okla. 269, 214 P. 702.

Blankenship acquired title to the property after the replevin suit was brought, but before judgment was rendered therein, and having purchased the same at the foreclosure sale, he, as trustee for the bondholders, acquired the same interest in the property as the judgment debtor actually had. Streeter v. Anderson (1935) 172 Okla. 113, 43 P.2d 53. He is, therefore, in "privity" with the judgment debtor. Strayer v. Johnson (Pa.) 1 Atl. 222. The present plaintiff, having purchased the property from Blankenship, is in privity of title with him and consequently with the Royalty Oil Refining Corporation, the judgment debtor. No claim is made, nor could it be asserted, that the Factor Oil Corporation had no actual knowledge of the former adjudication, since it purchased from Blankenship after the institution of the present action. We do not here determine whether a different result would follow if a purchaser of personalty from a purchaser at a judicial sale had no

notice, actual or constructive, of a former adjudication of the title to said personalty.

(b) Are the issues and the subject matter of the actions the same? In the replevin action, an alternative judgment for possession or for the value of the personalty with interest was obtained. Plaintiff therein did not seek nor recover a judgment for the usable value of the casing during the period of its unlawful detention. In Alfrey v. Colbert, supra. it was held that a judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause of action, not only as to matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been determined therein. See, also, Baker v. Vadder (1921) 83 Okla. 140, 200 P. 994; Carpenter v. Reo Sales Co. (1934) 170 Okla. 538, 39 P.2d 130; Staples v. Jenkins (1936) 178 Okla. 186, 62 P.2d 504, and cases cited therein. It is also the rule in this jurisdiction that when a former judgment is pleaded as a bar, the question of the identity of the parties and subject matter or cause of action as will support the plea of res judicata is a question of law for the court when it is determinable from an inspection of the record. Alfrey v. Colbert, supra, and Baker v. Vadder, supra. The case of Johnson v. Johnson (1914) 43 Okla. 582, 143 P. 670, is inapplicable here.

The present action in essence is one to recover damages for the unlawful detention of personal property. While plaintiff denominates his cause of action as one to recover the reasonable rental value of personal property, the action is based upon the alleged unlawful detention of the property by defendants, and seeks to recover the usable value of the casing during the period of its unlawful detention. In replevin actions, the replevisor is entitled, among other things, to recover damages for the unlawful detention of the personalty, and where, as here, the property detained has a distinct usable value which exceeds the lawful rate of interest, the prevailing party is entitled to recover the value of such use during the period of deprivation. Thomas v. First Nat. Bank (1912) 32 Okla. 115, 121 P. 272; Francis v. Guaranty State Bank (1914) 44 Okla. 446, 145 P. 324; Mitchelson v. Commercial Investment Trust (1924) 97 Okla. 98, 222 P. 663; Security State Bank of Comanche v. Hubbard (1935) 170 Okla. 502, 38 P.2d 16; Carpenter v. Reo Sales Co., supra.

In Carpenter v. Reo Sales Co., supra, the facts were as follows: Carpenter brought an action in replevin against the Reo Sales Company, same being No. 12222, in the district court, but he did not seek damages, and recovered a judgment for possession. Later the Reo Sales Company brought an action in replevin against Carpenter on a different cause of action, but for the same personal property. Carpenter cross-petitioned for damages for the loss of the use of the personalty in question and for deterioration. We held that the judgment recovered in cause No. 12222 was res judicata of this issue on the ground that the same could have been recovered in the original replevin action.

The same rule is applicable here, and we therefore hold that the issues and cause of action in the present suit were adjudicated in the former suit. It follows that the capacities of the persons and their privies are the same in reference to the subject matter and the issues between them, since the present issue could have been raised and determined in the first replevin action.

(c) The only question remaining is whether the trial court's action in cause No. 12244 (the original replevin action) in sustaining the Premier Investment Company's demurrer to the evidence constitutes an adjudication of the issues as to it. We have held that a judgment sustaining a general demurrer to a petition on the ground of the insufficiency of the allegations of the petition and dismissing the action is a bar to a subsequent suit on the same cause of action between the same parties or their privies. Dickson v. Mackey (1923) 108 Okla. 11, 233 P. 423. The same rule is applicable here. The merits of the replevisor's cause of action were determined by the court when it sustained the demurrer to the evidence. Same, being unappealed from and becoming final. is an adjudication of the issues between the parties.

The record does not disclose facts on which we can determine whether the former adjudication is conclusive as to defendant Marvine Brydia. However, plaintiff's evidence does not disclose what her interest in the property is or established any cause of action against her. We conclude that the trial court committed no error in sustaining her demurrer to the evidence.

Affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and. GIBSON, JJ., concur.