DIERKS et al. v. WALSH et al.

No. 33198. May 23, 1950.

*218 P. 2d 920.*

Tom Finney, of Idabel, and John M. McPherren and Chas. E. McPherren, both of Oklahoma City, for plaintiffs in error.

Lee Welch, of Antlers, for defendants in error.

HALLEY, J. On September 9, 1937, this action was commenced in the district court of Pushmataha county in the name of Edward Walsh, also known as Edmond E. Walsh and Edward E. Walsh, against Herbert Dierks, the Choctaw Lumber Company, a corporation, and Dierks Lumber & Coal Company, a corporation, for possession and to quiet title to the north half (N/2) of sec. 36-1N-20E, located in the same county.

Edward Walsh had died prior to the filing of the petition, and had left a quitclaim deed conveying the land to Gerald Walsh, who was substituted as plaintiff.

It was alleged that the defendants claimed some interest in the land by reason of a timber contract executed by the plaintiff to Choctaw Lumber Company on May 16, 1925, and also by a tax deed executed by the county commissioners to Herbert Dierks on July 8, 1933; that the lumber company had defaulted in the annual payments due under the timber contract, and that the tax deed was void because the notice of tax sale in 1928, for 1927 taxes, failed to state the time and place of sale.

In November, 1939, the plaintiff Gerald Walsh obtained a judgment against the defendants, quieting title in him and holding void and canceling the 1928 tax sale and all conveyances based thereon. The defendants appealed to this court, and, as case No. 29878, the judgment was affirmed, as reported in 192 Okla. 584, 141 P. 2d 95. The Choctaw Lumber Company had ceased to exist, and summons was not served upon it.

Thereafter, the defendants filed a petition to vacate the judgment, which was denied by the court. They again appealed to this court, and the trial court was again affirmed, as case No. 31941, reported in 196 Okla. 372, 165 P. 2d 354. In the second appeal, it was contended that the judgment was void because the suit had been filed in the name of a deceased person as plaintiff, and that the deed to Herbert Dierks by the county commissioners was valid, and that Gerald Walsh was not shown to own any interest in the land. The defense of champerty was also presented on appeal.

Gerald Walsh thereafter obtained permission to amend his petition and make additional parties defendant. Amended petition was filed on May 4, 1946, against Herbert Dierks and Dierks Lumber & Coal Company, defendants in the original action, and also making various members of the Dierks family defendants, along with three members of that family as trustees under a trust agreement executed by the various members of the Dierks family, alleging that all of the newly made defendants claimed some interest in the land and that Herbert Dierks had conveyed the land involved to the trustees named, but that all such claims were based upon the 1928 tax sale and conveyances based thereon. The grounds for relief alleged in the amended petition were substantially the same as set out in the original action for possession and to quiet title, and renewed the tender of the amount necessary to redeem the land from the original tax sale and re-sales, all sought to be canceled upon the ground that they were void because the original tax deed failed to comply with the law relative to sales of real property for delinquent taxes.

The defendants answered by general denial, and alleged that the tax sales were valid; that they claimed no interest under the timber contract above mentioned; that Herbert Dierks had conveyed his interest to the Dierks trustees in 1934; denied that the newly made defendants were bound by the judgment rendered for the plaintiff in the original action, not being parties thereto or in privity with the original defendants; and that such judgment was void. They further alleged that since May, 1931, the defendants had held possession of the land and had paid the taxes thereon for more than 15 years, and that plaintiff was barred by the statute of limitations. The original answer and petition to vacate judgment were adopted as part of the answer. It was admitted, in the original answer, that the plaintiff had owned the land from 1917 up to May 9, 1931, when it was conveyed by a resale deed to Pushmataha county.

On January 9, 1947, the court found for the plaintiff and rendered judgment for possession, canceling the original tax sale to Edward Walsh and all conveyances based thereon, and quieting title in the plaintiff. The amount expended by the defendants was found, and the plaintiff tendered such sum to the defendants. From this judgment,

the defendants have appealed, and have set up numerous assignments of error.

The court found and ruled that the newly made defendants were bound by the original judgment, and that such judgment was res adjudicata as to them as to all matters therein adjudicated. Herbert Dierks, one of the original defendants, was also a trustee, but he was sued as an individual, and judgment was rendered against him in his individual capacity. The rule that only parties to an action, or those in privity with them, are bound by a judgment, is well established. It is announced in Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311, as follows:

"1. In order to constitute a good plea of res judicata, the following elements must exist: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them—and where these elements are clearly apparent, the plea should be sustained.

"2. To make a person a 'privy' to an action he must have acquired an interest in the subject-matter of the action either by inheritance, succession, or purchase from a party either after the suit is brought in which the title or right is involved or after the judgment was rendered, or he must hold the property subordinately. . . .

"It was held in Brown v. March (1925) 111 Okla. 288, 242 P. 155, that for a person to be 'privy' to an action, he must have acquired an interest in the subject-matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold the property subordinately. The term 'subsequently to the action' means either after the suit is brought in which the title or right is involved, or after the rendition, of judgment. See Cressler v. Brown (1920) 79 Okla. 170, 192 P. 417, and Morrissey v. Shriver (1923) 88 Okla. 269, 214 P. 702."

We find no merit in the contention that the newly made defendants were bound because there existed as to them "virtual representation" in the original action, because they were stockholders or interest holders in the defendant Dierks Lumber & Coal Company, a corporation, and beneficial interest holders in the assets of the trust to whom Herbert Dierks conveyed the land before the filing of the suit. The fact that the same attorneys have represented the defendants in each case and on appeal, and that employees of the Dierks interests testified in each case, and that there exists a relationship between some of the original defendants and the newly made defendants, does not mean that the latter had virtual representation in the first trial. We conclude that the newly made defendants were not bound by the original judgment, and had a right to present whatever defense they had. They were not at fault in not being made defendants originally. They were all in existence when the action was first filed, and were all available, and their claims to the land were matters of record in the county where the suit was instituted. The plaintiff overlooked their claims, and cannot complain that they have a right to their day in court and to be heard as fully as if they had been made defendants when the action was commenced.

It is complained that the court erred in permitting the plaintiff to introduce oral testimony to prove the execution, delivery and contents of the conveyance from the original purchaser of the land, Blair W. Gair, to Edmond E. Walsh and Edward Manie, and in holding that the defendants were precluded from denying plaintiff's claim because, in their original answer, they admitted that Edmond E. Walsh owned the land and the timber thereon from 1917 to 1931, and that their predecessor in interest, Choctaw Lumber Company, took from Edmond E. Walsh a timber contract on the land in 1925. The record does disclose both such admission and the timber contract. Gair did receive

an unallotted land deed, and executed to Walsh and Manie transfers of his certificates of purchase from the Choctaw-Chickasaw Nations, and the transfers of these certificates of purchase, regular or irregular, would have the effect of vesting in Walsh and Manie the equitable title to the land.

The plaintiff failed to plead that the deed from Blair W. Gair to Walsh and Manie had been lost, so the court granted permission to the plaintiff to amend his petition to include allegations that the deed from Gair to Walsh and Manie had been lost, and the defendants insisted that such amendment be in writing, but the amendment does not appear in the record. The failure to reduce the proposed amendment, covering a lost deed, to writing was not prejudicial to the defendants under the circumstances, because evidence had been admitted that the deed had been lost. We held in Owens v. Taylor, 90 Okla. 96, 213 P. 300, that where the trial court had permitted an amendment of the petition to conform to the proof, and the case was tried as though the amendment had been made, and the record furnishes upon its face all data to apply to it, under such circumstances, the amendment will be considered as made, though no actual changes are made in the pleadings.

Plaintiffs in error contend that the court erred in concluding that the tax sale in 1928 and all conveyances thereunder were void because of the failure of the county treasurer to give proper notice of the original tax sale, and that the statute of limitations is not applicable to resale and commissioners' deeds issued thereunder. The court entered judgment canceling all such conveyances; and we are confronted with the question of whether or not such judgment was erroneous.

Section 382, 68 O. S. 1941, provides that the county treasurer shall give notice of the sale of real property for delinquent taxes by publication for three consecutive weeks, commencing after the first day of October, preceding the sale, and that such notice shall contain a notification that all lands on which the taxes for such fiscal year remain due and unpaid will be sold, "and of the time and place of sale", and shall contain a list of the lands to be sold and the amount of taxes due on each tract.

Section 383, 68 O. S. 1941, provides that such sale shall be on the first Monday in November of each year, between the hours of 9 o'clock a.m. and 4 o'clock p.m., of that day, and that such sale shall be at the office of the county treasurer, where the taxes are by law made payable. It is argued that since the law fixes the time and place of sale, it is a mere irregularity to omit such provision in the notice of sale.

The record discloses that on October 11, 1928, the county treasurer published the notice of sale for delinquent taxes for 1927, and that portion of the notice complained of as fatally defective is as follows:

"In compliance with Section 9731, Compiled Oklahoma Statutes, 1921, notice is hereby given that all lands located in Pushmataha county, Oklahoma, on which taxes for the year 1927 remain due and unpaid, the following list containing a description of all said lands located in said county and subject to sale for delinquent taxes for the year 1927, and which shows the amount due on all such lands, will be sold at public *sum of 15 cents on each town lot so ad*—office of the County Treasurer, located in the Court House in Antlers, Oklahoma, where by law taxes are made payable, if said taxes are not paid before that date, said sale is to be held between the hours of nine o'clock a.m. and four o'clock p.m., and from day to day thereafter until completed."

The publication on October 18th was admitted to be the same as the above, but the October 25th publication was corrected to disclose the time and place of sale. Plaintiffs in error contend that the two publications omitting the time and place of sale are mere irregular-

ities and should not be held to render the sale void. Their argument is based largely upon the fact that section 383, mentioned above, fixes specifically the time and place of sale of land for delinquent taxes. They also contend that section 452, 68 O. S. 1941, sometimes referred to as the "presumptive evidence" statute, to the effect that a resale tax deed executed in substantial compliance with the statutes shall be prima facie evidence of certain facts, including the fact that the land was "duly advertised" before being sold, and that to defeat such tax deed it must be clearly pleaded and proved that one or more of the essential prerequisites was wholly omitted or not done, and that a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed.

This question was before this court in the case of Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263. There, the notice of sale for delinquent taxes was published for 18 days instead of 21 days, as required by law. The rule was announced in the first syllabus as follows:

"1. 68 O.S. 1941 §382 requires that notice of sale of real property for delinquent taxes be given for three consecutive weeks preceding the sale, which means twenty-one days and where notice of such sale was given for a lesser period, a resale tax deed founded thereon is void."

In the second syllabus, it was announced that such defect of notice is not cured by the provisions of section 452, 68 O.S. 1941, and in the body of the opinion it is said:

"In view of the clearly defined meaning of the language employed, we hold that where the notice of a sale of property is for a lesser period than that prescribed by law, said property has not been duly advertised, and until said property has been duly advertised, that is, properly, regularly and according to law, there has been a total omission of one of the six requisites to a valid deed and thus the defect is not reached by the so-called curative provisions of the statute."

It was held that the sale was void for lack of sufficient notice, and for that reason the short statute of limitations was not applicable.

In Harris v. Dungan, 199 Okla. 350, 185 P. 2d 949, this court had under consideration a tax proceeding where land was sold for an excessive amount, the notice of sale reciting that it was being sold for taxes in a certain amount, a part of which had been previously canceled by another sale. The sale was held to be void, and the rule was announced that a tax deed may be held void upon its face, or upon the face of the record. It was announced in the first syllabus as follows:

"A resale tax deed cannot be attacked more than one year after the recording of the deed unless deed is void within itself or void upon the face of the record."

The exact question before us, with respect to the 1928 tax sale and subsequent conveyances based thereon, was before this court in the first appeal of this case, reported as Dierks v. Walsh, 192 Okla. 584, 141 P. 2d 95. The first syllabus reflects the view of the court with regard to the defective notice of the tax sale, as follows:

"1. 68 O. S. 1941 §382 requires that the notice of sale of real property for delinquent taxes state the time and place of sale. Where two of the required publications of such notice failed to comply with this statutory requirement, a tax deed founded thereon is void."

The case of Welborn v. Whitney, supra, was discussed and approved as to the insufficiency of the notice of sale, and the inapplicability of the curative presumptive evidence statute was discussed in that case. If the publication of notice for 18 days instead of the required 21 days rendered the sale void, then we are bound to conclude that a sufficient notice published for only one week is fatally defective. In the case

before us, the first two weeks' publication was of a notice so defective as to render its publication of no effect, and the corrected notice was published for only one week.

It necessarily follows that one claiming under a void deed cannot rely upon protection of the short statute of limitation applicable to recorded tax deeds that are regular in form. It is true, as above pointed out, that the time and place of sale for delinquent taxes is fixed by law; however, the Legislature has seen fit to require publication of notice for 21 days, and provides that the notice shall contain the time and place of sale. The use of the word "shall" is generally held to make an accompanying requirement mandatory. Few laymen who might be interested in tax sales have the statutes in their possession, or have read the statutes fixing the time and place of tax sales of real estate for delinquent taxes. The requirement of notice is for the benefit of the citizen who is about to be divested of title to land without any action on his part, and the Legislature has provided that notice of the proposed divestiture be placed within the reach and attention of the average citizen. The state is interested in the payment of taxes to enable the Government to function, and the required notice is also for the benefit of the state by insuring purchasers at tax sales. It is not within the province of the court to question the wisdom or the necessity of an Act of the Legislature. Where the language is plain and clear, it should be accorded its ordinary meaning, and there is no room for interpretation. We are not unmindful of the well established rule that in an action for possession and to quiet title to real estate, the plaintiff must recover upon the strength of his own title and not upon the weakness of that of the defendant. However, we believe that such irregularities as appear in the record did not deprive the defendants of any substantial rights or prevent them from having a fair trial.

We conclude that the newly made defendants were not bound by the original judgment, but were entitled to litigate anew the issues made by the amended petition and their amended answer, and that the judgment rendered in the original proceeding and affirmed by this court correctly held that the plaintiff was entitled to recover and that the resale tax deed to Pushmataha county, and all conveyances based thereon, were void for lack of sufficient notice of the original tax sale of the land involved.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.