SEE: opinion no. 91-563 (1991) County Fairs — Student Participation Students attending Woods County School District No. I-25, but who reside and attend school in Alfalfa County are eligible to participate as exhibitors competing for prizes and awards at the county fairs of both Alfalfa County and Woods County, under 20 O.S. 997 [20-997] (1961). The Attorney General has had under consideration your letter of July 29, 1968, wherein you state the following facts and ask the following questions: "The Woods County Free Fair Association Board has contacted our office requesting an opinion from you concerning the eligibility of certain exhibitors. The factual situation is that during this year Alfalfa County School District No. I-77 annexed to Woods County School District No. I-25. Thus, the school district as now constituted covers parts of Alfalfa and Woods County and maintains and operates schools in both Woods County and Alfalfa County. "The boards questions are whether or not under the provisions of 2 O.S. 99 [2-99] those students attending Woods County School District No. I-25, but who reside and attend school in Alfalfa County, would be eligible to participate as exhibitors competing for prizes and awards at the Woods County Free Fair and under the provisions of said statute are those same students prohibited from competing as exhibitors at the Alfalfa County Free Fair. Furthermore, if the answer to both of these questions is in the affirmative, could the Boards of the Alfalfa County Free Fair and the Woods County Free Fair enter into a valid agreement to allow the students to compete at the fair in the county in which they reside." Title 2 O.S. 99 [2-99] (1961), provides in relevant part as follows: "Residents of any school district which overlap into any other county shall be eligible to exhibit their products at the fairs in the county in which the school district is located." The language of Section 99 is clear and unambiguous. The general rule of construction provides that where language of a statute is plain and clear, it should be accorded its ordinary meaning and there is no room for interpretation. (See Dierks v. Walsh, Okl.,218 P.2d 920.) It is therefore the opinion of the Attorney General that the answer to your first question is that the students attending Woods County School District No. I-25, but who reside and attend school in Alfalfa County, would be eligible to participate as exhibitors competing for prizes and awards at the county fairs of both Alfalfa County and Woods County. The answer to your second question is in the negative and no need exists for an answer to your third question. (Dale F. Crowder)