Judicial Officers Ballot — Number Designation The State Election Board has the authority to assign numbers to the judicial officers of the Court of Criminal Appeals for use on future ballots. The Attorney General has had under consideration your letter dated August 27, 1968, in which you direct our attention to Senate Bill 270, Section 5, Thirty-First Oklahoma Legislature, Second Session (1968), which provides: "The ballot for candidates for the Supreme Court and Court of Criminal Appeals shall be without party designation. For the purpose of preparing such ballot, each Justice of the Supreme Court and each Judge of the Court of Criminal Appeals shall be deemed to hold a numbered office which shall be the same as the number of the district from which the justice or judge is selected. This number shall appear on the ballot. . . ." (Emphasis added) You then state and inquire as follows: "Supreme Court districts are designated by number. Court of Criminal Appeals districts are designated as Northern, Southern, and Eastern. What number should be assigned to the Judge of the Court of Criminal Appeals of the Eastern District who is up for election this year?" We are confronted by a situation in which the statute provides for the numbering of judicial offices according to the number of the district from which the particular justice or judge is selected, but does not go far enough in that it does not provide a method for numbering the judicial offices of the Court of Criminal Appeals which represent different geographical regions of the State rather than particular numerical districts. That the Legislature did not recognize this as a problem when it enacted the statute and provide a method for numbering the judicial offices of the Court of Criminal Appeals, should not prevent the State Election Board from giving effect to the statute. The cardinal rule of statutory construction is to ascertain the intention of the Legislature, which should ordinarily be done by considering the language of the statute. City of Bristow ex rel. Hedges v. Groom,194 Okl. 384, 151 P.2d 936 (1944). Where the language is clear and unambiguous a statute must be held to mean what it plainly expressed, and no room is left for construction. Kierks v. Walsh, 203 Okl. 113, 218 P.2d 920 (1950). From the language of the statute, it is clear that the Legislature intended to avoid party designation on future ballots cast for these judicial offices and to substitute a method whereby each office would be identified by number. The fact that the Legislature did not provide a specified method for the State Election Board to follow in assigning these numerical designations to the judicial offices of the Court of Criminal Appeals does not necessarily mean that in assigning these numbers the Board would be exceeding its authority. Although an election board has only such power and authority as is directly vested in it by the Legislature, a statute should receive a rational, sensible interpretation, one which tends to avoid or remove the mischief at which it was leveled, rather than one which promotes or permits the evil and avoids the accomplishment of the purpose of the enactment. Brickell v. State Election Board, 203 Okl. 362, 221 P.2d 785
(1950), Carlile v. Nat. Oil and Development Company,83 Okl. 217, 201 P. 377 (1921). Legislative intent controls in the exposition of statutes, and is to be derived from a view of the whole and every part of the statute, considered together and in light of the general purposes of the act. Federal Land Bank of Wichita, Kansas v. Howell, 123 F.2d 50 (10th Cir. 1941). The Legislature in enacting this statute sought to remove the problems associated with identifying judicial officials with particular parties and intended instead that a method of numbering each office be instituted to accomplish this purpose. The State Election Board would be giving effect to legislative intent by assuming the responsibility of assigning these numbers to the judicial offices of the Court of Criminal Appeals. A mere oversight by the Legislature should not prevent the State Election Board from carrying out the intent of the statute. It is therefore the opinion of the Attorney General that the State Election Board has the authority to assign numbers to the judicial offices of the Court of Criminal Appeals for use on future ballots. (Gary F. Glasgow)