Court Fund — Transfers — Minimum Balance — Library Fund The governing board of the Court Fund as presently constituted can approve claims against such fund without appropriations by the Excise Board. While authorized expenditures from the Court Fund are limited to those enumerated in 20 O.S. 1304 [20-1304] (1968), all unappropriated surplus Court Funds m existence on May 17, 1968, the effective date of this act, may be expended for any and all purposes which were legal prior to May 17, 1968. Section 1304, supra, is interpreted to mean all accruals to the Court Fund and not merely annual accruals. The Court Clerk must follow the majority vote of the Board of Trustees of the County Law Library when they vote for a supplement to the Law Library Fund. The five per cent or $4,000 of all accruals to the Court Fund as provided in 20 O.S. 1222 [20-1222] (1968), means all of such accruals and not merely annual accruals. Where accruals to the Court Fund amount to $4,000 or more the Court Clerk must transfer $4,000 to the Library Fund Stanley J. Alexander, OBA #198if ordered by the Law Library Board of Trustees since the language of the statute is considered mandatory. If such accruals are less than $4,000, the Court clerk must still transfer five per cent of all accruals to the Library Fund, but he cannot transfer an amount that would serve to reduce the balance of the Court Fund below $3,000. The Attorney General has had under consideration your letter dated August 13, 1968, in which you inquire as follows: "1. Under the provisions of House Bill 1323, must court funds be duly appropriated by the excise board before claims drawn against said fund may be allowed by the governing board created in Section Two of said Act? "2. On and after the effective date of House Bill 1323, are the purposes for which the court fund may be expended limited to those purposes enumerated in Section 4 of said Act? "3. Does the five percent or Four Thousand Dollars of all accruals to the court fund, as provided in House Bill 1155, mean annual accruals? "4. (a) In counties where the annual accruals amount to $4,000.00 or more, must the court clerk transfer $4,000.00 to the library fund, as provided in House Bill 1155, if ordered by the library board; (b) if the accruals are less than $4,000.00, must the court clerk transfer five percent of such accruals to the library fund?" Oklahoma Session Laws 1968, ch. 412, Sections 1 through 4, and Section 20 (20 O.S. 1301 [20-1301] to 20 O.S. 1311 [20-1311] (1968)), effective May 17, 1968, are pertinent to your first two inquiries. Sections 1 through 4 provide as follows: "Section 1. All fees, fines and forfeitures shall, when collected by the court clerk, be deposited by him in a fund in the county treasury designated `The Court Fund', and shall be used, from year to year, in defraying the expenses of holding court in said county. . . . "Section 2. The governing board of the Court Fund created by Section I of this Act shall be a District Judge, an associate district judge and the clerk of the court of the county where the fund is established. . . . The membership of the governing board shall remain as presently constituted by law until January 13, 1969, and the provisions of this section shall become effective January 13, 1969. "Section 3. All claims against `The Court Fund' created by Section 1 of this Act shall be paid by the court clerk, when approved by a majority of the governing board of the Court Fund, by the issuance of a cash voucher on said fund. "Section 4. Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. . . ." Your first question is answered in the negative since the governing board of the Court Fund as presently constituted can approve claims against such fund without appropriations by the Excise Board. Section 20, supra, repealed 62 O.S. 322 [62-322] (1961), which provided: "All claims against `The Court Fund' . . . shall be paid by the Court Clerk, after due appropriation by the Excise Board by the issuance of a cash voucher on said fund." This repealed statute concerning payment of claims against the Court Fund is replaced by Section 3, supra, which now provides that claims against the Court Fund will be paid by the court clerk when approved by a majority of the governing board. This makes the governing board the sole authority for approving claims against the Court Fund and appropriations by the Excise Board before paying claims against such fund will no longer be necessary. Section 2, supra, which creates the governing board, provides: ". . .The membership of the governing board shall remain as presently constituted by law until January 13, 1969, and the provisions of this section shall become effective January 13, 1969." This results in giving the present governing board of the Court Fund authority to approve claims against such fund until January 13, 1969. After this date the governing board created in Section 2, supra, will assume full control of expenditures against the Court Fund. The present governing board is provided for in 62 O.S. 324.1 [62-324.1] (1967) and consists of the district judge, county judge and district attorney for each county. In answer to your second question, Section 4, supra, does specifically limit the expenditure of Court Funds to those situations enumerated, but Section 10 of this same enactment provides: "Unappropriated surplus Court Funds in existence on the effective date of this Act may be expended for any or all purposes which were legal under the Statutes of Oklahoma prior to the date this Act is signed into law." Therefore, while authorized expenditures from the Court Fund are limited to those enumerated in Section 4, supra, all unappropriated surplus Court Funds in existence on May 17, 1968, the effective date of this act, may be expended for any and all purposes which were legal prior to May 17, 1968. The use of such unappropriated surplus Court Funds may be expended as provided for under previous Oklahoma Statutes until exhausted. This would include the repair, maintenance, and improvement of the County Court House as provided in 62 O.S. 323.1 [62-323.1] (1967), the purchase of radar and/or radio units to be used for traffic law enforcement in the county as authorized in 62 O.S. 338 [62-338] (1961), and maintenance of such radar and radio units under 62 O.S. 336 [62-336] (1961). It is the opinion of the Attorney General that your second question be answered in the affirmative with the qualification that all unappropriated surplus Court Funds in existence on May 17, 1968, are not limited to payment of expenses enumerated in Section 4, supra, but may be expended for any or all purposes provided for by Oklahoma Statutes prior to May 17, 1968. Oklahoma Session Laws 1968, ch. 138, Section 6, effective January 13, 1969 (20 O.S. 1222 [20-1222] (1968)), is pertinent to your third inquiry and provides: "Section 6 — In addition to the sum taken from the deposit for costs, upon a majority vote of the Board of Trustees of any county law library, the court clerk of such county shall supplement the law library fund by the addition of an amount not to exceed five per cent (5%) or Four Thousand Dollars ($4,000.00), whichever is the greater, of all accruals to the court fund." The language of the statute expresses a clear intent by the Legislature to make available all accruals to the Court Fund for future supplements to the county law library fund. If the Board of Trustees of any county law library chooses to supplement the county law library, all amounts then present in the Court Fund should be available without limitation as to time of accrual. The cardinal rule of statutory construction is to ascertain the intention of the Legislature, which should ordinarily be done by considering the language of the statute. City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936
(1944). Where the language is clear and unambiguous a statute must be held to mean what it plainly expresses and no room is left for construction. Rierks v. Walsh203 Okl. 113, 218 P.2d 920 (1950). It is, therefore, the opinion of the Attorney General that your third question be answered in the negative since Section 6, supra, is interpreted to mean all accruals to the Court Fund and not merely annual accruals. Part (a) of your fourth question is answered in the affirmative since Section 6, supra, specifies that upon a majority vote of the Board of Trustees of the County Law Library the court clerk shall supplement the law library fund by the addition of an amount not to exceed the greater of either five percent (5%) or Four Thousand Dollars ($4,000.00) of all accruals to the Court Fund. This language is mandatory, and, therefore, the court clerk must give effect to a majority vote of the Board of Trustees favoring a supplement to the law library fund. Generally in the construction of statutes, the word "shall" is considered as mandatory and it is particularly so considered when the statute is addressed to public officials. State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676,42 N.W.2d 297. It is the opinion of the Attorney General that part (b) of your fourth question also be answered in the affirmative for the same reasons set forth above in answer to part (a) of your fourth question. The court clerk must follow the majority vote of the Board of Trustees of the County Law Library when they vote for a supplement to the Law Library Fund. However, your attention is directed to 20 O.S. 1217 [20-1217] (1968), which provides: ". . .The Court Clerk of said county shall transfer to the Law Library Fund of said county a sum not to exceed Four Thousand ($4,000.00) Dollars; provided, that on the date this Act shall become operative in said county, there is a surplus in the Court Fund of said county sufficient to leave a balance of not less than Three Thousand ($3,000.00) Dollars; and provided, that if such transfer shall reduce the Court Fund of said county below Three Thousand ($3,000.00) Dollars the sum transferred shall be reduced to an amount sufficient to leave a balance of Three Thousand ($3,000.00) Dollars in the Court Fund of said county." Thus, even though the court clerk upon a majority vote of the Board of Trustees must still transfer five (5%) percent of all accruals to the Court Fund when accruals to such fund are less than Four Thousand ($4,000.00) Dollars, he cannot transfer an amount that would serve to reduce the balance in the Court Fund below Three Thousand ($3,000.00) Dollars. In conclusion, it is the opinion of the Attorney General that the governing board of the Court Fund can approve claims against such fund without appropriations by the Excise Board. In addition, expenditures from the Court Fund are limited to those purposes enumerated in Oklahoma Session Laws 1968, ch. 412, Section 4 (20 O.S. 1304 [20-1304] (1968)), with the exception that all unappropriated surplus Court Funds in existence on May 17, 1968, may be expended for any or all purposes provided for by Oklahoma Statutes prior to this date. Finally, it is the opinion of the Attorney General that the five (5%) percent or Four Thousand ($4,000.00) Dollars of all accruals to the (20 O.S. 1222 [20-1222] (1968)), means all of such accruals and not merely annual accruals. Where accruals to the Court Fund amount to Four Thousand ($4,000.00) Dollars, or more the court clerk must transfer Four Thousand ($4,000.00) Dollars to the library fund if ordered by the law library Board of Trustees since the language of the statute is considered mandatory. If such accruals are less than Four Thousand ($4,000.00) Dollars, the court clerk must still transfer five (5%) percent of all accruals to the library fund, but he cannot transfer an amount that would serve to reduce the balance of the Court Fund below Three Thousand ($3,000.00) Dollars. (Gary F. Glasgow)